### *ROTHSCHILD ET AL* vs. *RAMSAY.*

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

A sheriff or marshal is no further the agent of a plaintiff in execution, than that which is derived from the writ placed in his hands. The instant it is returned into court, or the return day expires, the authority of the officer to enforce the judgment, or recieve the money in discharge of it, also expires, unless he has previously made a levy, in which case the law permits him to sell the goods seized.

The plaintiff's testator, with the defendant, and eight others, became the sureties of one Gibbes, for the faithfull performance of his duties as paymaster to the 1st Regiment of Infantry of the United States' army.  Gibbes being in arrears to the government, suit was instituted against him and his sureties, upon their bond; and judgment obtained, which was wholly satisfied out of the estate of the plaintiff's testator.

The petition charged, that by this payment, the plaintiffs beeame subrogated to the rights and priviledges of the United States.  That four only of the co-sureties were solvent and able to pay ; that each of those were liable; and that the respective share of each amounted to the sum of $2000, exclusive of interest and costs; for which judgment was prayed against the defendant, who pleaded the general issue.

It appeared that the judgment against Gibbes and his sureties, was rendered on the 7th of April, 1820.  Execution issued on the 5th of October, 1826, and on the 10th of December of the same year, the marshal made upon it the

Eastern District following return : " Received 5th October, 1826, served
March 1831.
upon W. W. Montgomery, one of the executors of the late
ROTHSCHILD ET R. L. Rochelle, one of the sureties, on the same day.
AL.   vs.
RAMSAY.    Stayed afterwards by agreement of J. W. Smith, U. S.
dist. atty."—(Signed) John Nicholson, U. S. Marshal."

On the 14th of April, 1830, the following entry was made
on the execution docket, which was introduced by the plain-
tiffs, to sustain the allegation of payment :

" *The United States* vs. *William Gibbes et al.*—1269.—
Amount of judgment $ 10,000, 6 per cent. interest, from
the 2d of January, 1819.

" *The United States* vs. *William Gibbes et al.*—1270.—
Amount of Judgment $ 10,000, 6 per cent. interest from
the 2d of January, 1819.

" In these two cases—Nos. 1269 and 1270—there was
made, from the estate of R. L. Rochelle, one of the securi-
ties, the sum of $ 14913 13 cents. for principal interest and
cost, which cost amount to the sum of $ 372 49 cents ; the
same was made in the years 1826 and 1827. (Signed)
JOHN NICHOLSON, *United States' Marshal.*"

A bill of exceptions was taken to the opinion of the court
below, permitting the plaintiffs to prove, by parol, the insol-
vency of the co-sureties of the bond.   On the merits, the
court *a quo* was of opinion, that the plaintiffs were entitled
to recover a *viril* proportion, and gave judgment accordingly.
The defendant appealed.

*Grymes* and *Maybin*, for appellant.

*Carleton* and *Lockett*, for appellees.

*Porter, J.*, delivered the opinion of the court.

The ancestor of the plaintiffs, the defendant and several
others, became sureties of one Gibbes, who was appointed
paymaster to the First Regiment of Infantry in the army of
the United States.   Suit was brought on this bond, and
judgment rendered against the principal, and sureties.—

This action is brought to recover from the defendant his share of the money, which the plaintiffs allege was made out of the estate of their ancestor, in satisfaction of the judgment.

Various grounds of defence have been presented; but the opinion we have formed on one of them, renders an examination of the others unnecessary.

The judgment already alluded to, was signed on the 7th of April, 1820. On the 5th of October, 1826, a writ of *fieri facias* issued against all the defendants, and, on the same day, came into the hands of the marshal. The 10th of December of the same year, it was returned into court, with the following endorsement: "Received, 5th October, 1826. Served on W. W. Montgomery, same day, as one of the executors of the late R. L. Rochelle, one of the sureties. Stayed by agreement of the Attorney General J. W. Smith. Returned 10th December, 1826. (Signed) John Nicholson, *United States' Marshal.*"

To sustain the allegation of payment, the plaintiffs introduced the following document:

" *The United States* vs. *W. Gibbes et al.*—1269.—Amount of judgment, $ 10,000, 6 per cent. interest, from the 2d of January, 1829.

"*The United States* vs. *W. Gibbes et al.*—1270.—Amount of judgment, $ 10,000, 6 per cent. interest, from 2d of January, 1819.

In these two cases—Nos. 1269 and 1270—there was made from the estate of R. L. Rochelle, one of the securities, the sum of $ 14913 13 cents, for principal, interest and costs; which costs amount to the sum of $ 372 49 cents: the same was made in the years 1826 and 1827.—(Signed) John Nicholson, *U. S. M.—New-Orleans, April* 14, 1830."

As it appears from the certificate of the marshal, on the writ of execution, that nothing had been done on it at the time it was returned into Court, except serving it on the

Eastern District.
March 1831.

ROTHSCHILD ET
AL vs.
RAMSAY.

ancestor of the plaintiffs, the question presented for our decision is, whether a payment made to that officer, under the circumstances already stated, is such a payment to the United States, as binds them, and discharges the judgment?

We have looked into the Statutes of the United States, to see whether they conferred power on the marshals to receive money on behalf of the government, except in cases where writs of execution are placed in their hands, and we are unable to find any provision which vests there with authority to do so. In all the enactments, relating to them, their pecuniary responsibility is contemplated to arise from the execution of process intrusted to them.

A sheriff or marshal is no further the agent of the plaintiff in execution, than the writ placed in his hands The instant it is returned into court or the return day expires, the authority of the officer to enforce the judgment, or receive the money in discharge of it, also expires, unless he has previously made a levy, in which case the law permits him to sell the goods seized.

On general principles, a sheriff, or marshal, is no further the agent of a plaintiff in execution, than that which he derives from the writ placed in his hands. He represents the party for no other purpose. And the instant it is returned into court, or the return day expires, the authority of the officer to enforce the judgment, or receive the money in discharge of it, also expires, unless he has previously made a levy; in which case, the law permits him to sell the goods he has seized. In the instance before us, the marshal received the money after the return of the writ into court, and subsequent to the day on which it was returnable; and it does not appear he had made any levy on it, while it was in his possession.

It is not shewn the United States has sanctioned this act of their officer, nor that the usual proceedings have followed the receipt of the money, from which their ratification of it can be presumed.

An act of Congress requires the marshal to make a return to the agent of the treasury, within thirty days from the commencement of the several terms of the courts of the United States, of the proceedings which have taken place upon all writs of execution, or other process placed in their hands, where the United States is a party. Another act re-

quires, that all moneys received by the officers of the court, shall be immediately deposited in the Branch Bank to the credit of the court. These steps may have been taken here, but we can only judge of what exists, from what appears. From the evidence adduced in this case, the money was made in 1826-7, and no return is made in court, by the marshal, until 1830.—*Ingersol's Digest, ed.* 1825, 127-566.

As the plaintiff's, therefore, have not shewn they paid to a person authorized to receive the money on behalf of the government of the United States, they have not established a right of action against the defendant.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled and reversed; and it is further ordered and decreed, that there be judgment against the plaintiffs, as in case of nonsuit, with costs in both courts.