EASTERN DIST.
*March*, 1840.

RIGHTER ET UX.
*vs.*
WINTER.

---

### RIGHTER ET UX. *vs.* WINTER.

APPEAL FROM THE COURT OF THE SECOND DISTRICT, FOR THE PARISH OF ASCENSION, THE JUDGE THEREOF PRESIDING.

Where there is a judgment of eviction decreeing the land to the plaintiff, and providing that she shall pay the defendant a certain sum for his improvements before she takes possession, but the judgment fixes no time, the defendant may have execution immediately for the sum accorded him.

This is an injunction case. The plaintiff's wife obtained a judgment of eviction against the defendant for a tract of land, which judgment awarded the defendant twelve hundred dollars as the value of his improvements, but it affixed no time for the payment of this money, except the plaintiff was bound to pay it before she could obtain a writ of possession for the land. She appealed from this judgment, in order to get rid of this part of it, but it was affirmed. *See* 9 *Louisiana Reports*, 271.

EASTERN DIST.

*March,* 1840.

RIGHTOR ET UX.

*vs.*

WINTER.

Before any mandate was sent down, or the decision of this court was registered in the court below, and, as the plaintiffs contend, before the judgment was executory, the defendant issued his execution for the sum awarded him as the value of his improvements. The plaintiffs then obtained this injunction. The only question in the case turns upon the defendant's right to take out execution on a judgment which awards him a certain sum, and provides that the plaintiff shall pay it before taking possession of the land, but fixes no time or limits within which it shall be paid.

There was judgment perpetuating the injunction, and the defendant appealed.

*Illsley and Nicholls,* for the plaintiffs and appellees, insisted on the affirmance of the judgment.

*Miles Taylor,* for the appellant, contended :

1st. The appeal taken by the appellees from the judgment in favor of appellant, on which the execution enjoined in this case was issued, was not suspensive, because bond with security was not given for a sum exceeding one half the amount for which the judgment was given. *Code of Practice,* 575, 578 *and* 624.

2d. The decree made in the case of E. A. Conway, wife of A. F. Rightor *vs.* Gabriel Winter, by the lower court, and affirmed by this court, on appeal, contained two distinct judgments : One upon the action instituted by the plaintiff for the land, and one upon the demand in reconvention plead by defendant, which was in its nature as distinct as if

EASTERN DIST. a separate action had been instituted for it ; and the judg-
*March*, 1840.  ment in favor of appellant, contained in the decree, was
RIGHTON ET UX.  absolute and unconditional, and his right to enforce it was
*vs.*  not in any manner dependent on the plaintiff's acts, with
WINTER.  regard to the possession of the land. *Code of Practice*, 377 ;
*Louisiana Code*, 490, 496 ; Daquin et al *vs.* Coiron, 8 *Martin*,
*N. S.* 608.

3d. One in whose favor a judgment has been given, in the
event of an appeal by the other party in which he failed to
give the security necessary to stop execution, can proceed to
the execution without awaiting the decision of the appellate
court, and, of course, without waiting until it was recorded
in the records of the inferior court. *Code of Practice*, 624.

*Morphy, J.,* delivered the opinion of the court :

A judgment was rendered between these parties in a peti-
tory action, which, on an appeal to this tribunal, was affirmed
in March term, 1836. *See* 9 *Louisiana Reports,* 271. That
judgment had decreed to the wife of the plaintiff, the tract of
land she claimed, and allowed the defendant twelve hundred
dollars for his improvements as a possessor in good faith. It
provided that no writ of possession was to issue until the
plaintiff should pay to the defendant the said sum, or deposit
it in the clerk's office for his benefit. The appeal taken by
plaintiff from this judgment, not being a suspensive one, an
execution was issued at the instance of the defendant, for the
sum awarded to him for his improvements. This execution
was enjoined by the plaintiff, who relies, in this court, on the
following points :

I. That the appeal was yet pending, or, at least, that the
decree of this court not having yet been recorded below, no
proceeding could be had there for want of jurisdiction.

II. That this judgment was only in favor of plaintiff, and
gave defendant no active right, but merely an exception to
maintain himself in possession until he was paid for his
improvements ; and, moreover, that it created no personal
liability against plaintiff.

III. That the defendant had no right to issue an execution

against plaintiff until he had restored, or offered to restore to
her the land.

These several points being somewhat connected, will be considered together. It appears to us, that the decree in the petitory suit contained two distinct judgments, one in favor of the plaintiff for her land ; and one in favor of defendant for the value of his improvements. No delay was fixed, no condition was attached to the execution of the latter. If the plaintiff was dissatisfied with this absolute judgment against her, she should have taken a suspensive appeal. It is difficult for us to consider this judgment as containing in favor of defendant only an exception, when it decrees to him, positively and unconditionally, a sum of twelve hundred dollars. It is true that for his protection the decree provides that the land is not to be taken from him until he be paid that sum ; but it does not follow that the plaintiff is authorized to withhold the amount awarded to defendant until she chooses to take possession of the land. It would be rendering the possessor a tenant at will for years, liable to be driven away at any moment it would suit the interest or convenience of the owner. If he be evicted by a judgment which the owner has provoked, he is as much entitled to receive the money decreed to him, as the owner may be to resume possession of his land. Of what avail to him would be the precarious tenure under which he would hold the land? Would he cultivate it without the certainty or hope of enjoying the fruits of his labor ? Surely not. We must, therefore, say, that this decree contains, in favor of the defendant, a substantive judgment, which he must have the right of enforcing according to law. No reason has been given for the assertion that this judgment creates no personal liability against the plaintiff, except the supposed hardship to her that in case she is unable to pay for the improvements, and the property does not sell for a sum sufficient to satisfy them, she would remain liable for the surplus and thus be ruined ; perhaps for having attempted to enforce her legal rights. No doubt, in cases where the claimant is poor and the improvements are considerable, this is likely to happen ; but then, it

is the misfortune of the claimant that he is without means, or that the property is sacrificed. Relief must be sought elsewhere than at our hands. It would be desirable that in cases of eviction, the owner, even after judgment, should have the privilege of freeing himself from all liability under it, by surrendering his rights to the possessor when he is unable to comply with the judgment ; we know, however, of no law giving any such right. But, it is said, that admitting this judgment to be executory in favor of the defendant, he had no right to issue an execution until he had restored, or offered to restore to the plaintiff her land. To this it is a sufficient answer to say, that the judgment expressly authorizes the defendant not to deliver the land until he is paid. The offer to deliver it would have been a vain and idle formality, because, under her judgment, the plaintiff always had it in her power to take the land without consulting defendant's wishes ; her right to the land is absolute on her paying to defendant the sum awarded to him. If she fails or neglects to pay such sum, the defendant's right is equally absolute to enforce its payment in due course of law. The injunction ought, in our opinion, to have been dissolved, and it is our duty to pronounce such judgment as should have been rendered below ; but the surety on the injunction bond not being before us, no judgment can be pronounced against him.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed, and, proceeding to render such judgment as ought to have been given below, it is further ordered and decreed, that the injunction be dissolved, and that the defendant recover of the plaintiff, twenty per cent. as damages on the amount of the judgment. The execution of which was enjoined, and that plaintiff pay costs in both courts.