CHARLES BLACK *v.* JOHN CATLETT, and another.

Where there is any ambiguity in a judgment, it must be understood with reference to the verdict on which it is based, and which it must follow.

Action to rescind the sale of a tract of land; verdict for the plaintiff for the land, and in favor of defendant and reconvenor for the purchase money; and decree accordingly, declaring the land to be the property of the plaintiff, and ordering the defendant to put him in possession, on his paying the purchase money: *Held,* that the decree contains two distinct judgments, one in favor of the plaintiff for the land, and the other for the defendant for the price; that the right to have it executed is reciprocal; and that both parties must be placed on the same footing; and that the defendant may take out an execution for the price, though the plaintiff may not have demanded the execution of the judgment in his favor.

Where property has been seized under a *fieri facias* before the return day, the sheriff is not obliged to return the writ at any particular time, unless he has sold the property; where the property has not been sold, he may finish what he has commenced, though the return day have expired.

Where a *fieri facias,* under which property has been seized, is ordered by the plaintiff to be returned into court before the property is sold, the proceeding under the writ will be considered to have been abandoned by the plaintiff, the sheriff will be released from any obligation to keep the property, and the defendant may demand its restoration. To enable the plaintiff to sell the property, an *alias fieri facias* must be issued, a new seizure be made, and new notice be given.

APPEAL from the District Court of East Feliciana, *Johnson,* J. *Andrews* and *J. P. Bullard,* for the plaintiff.

*Turner* and *Lawson,* for the appellants.

MORPHY, J.  In a suit brought by Black, to annul a sheriff's sale made to John Catlett, of a tract of land, on account of some informalities in the proceedings which led to the adjudication, a verdict was given in favor of the plaintiff, for the land in controversy, and against the plaintiff, and in favor of the defendant and reconvenor, John Catlett, for $2,525 95, being the amount of the purchase money paid by the latter.  Judgment was thereupon rendered, decreeing 'that the land is the property of the plaintiff, and that the defendant shall deliver up to and put the said plaintiff in possession of the land, on his paying him, the defendant, the aforesaid sum,' &c.  Under this judgment, Catlett sued out a *fieri facias,* on the 7th of May, 1841, and had the land seized, and due notice of such seizure given to the petitioner.  Some time afterwards, Catlett ordered the writ to be returned into court, and

Black v. Catlett and another.

twenty two days after the return, he took out an *alias fieri facias*, under which the sheriff was proceeding to advertise and sell the property seized under the first writ, when the plaintiff enjoined the proceedings.

Two grounds have been urged in support of the injunction, to wit:

1. That under the judgment, Catlett was not entitled to an execution.

·2. That there had been under the new writ, no legal seizure of the land, and that no notice of any seizure had been served upon the plaintiff, as required by law.

I. The decree, it is said, merely allowed Catlett to retain the land until he should be reimbursed the price he had paid for it, but gave him no judgment for the money which he could enforce, while Black took no steps to get the property; that Catlett remained in possession of the land, and cultivated a part of it, without having offered to surrender it to the plaintiff, and without the latter having demanded it of him. Although the decree is not as explicit as could be desired, we cannot view it in the light presented to us by the plaintiff and appellee. When there is any ambiguity in a judgment, it must be understood with reference to the verdict upon which it is based, and which it must follow. The decree appears to us to contain two distinct judgments, one in favor of the plaintiff for the land, and one in favor of the defendant for the money paid, as clearly appears from the portion of it immediately preceding the decretal part, in which the finding of the jury is fully set forth. Any other construction would lead to great injustice and hardship. The defendant would be placed in the most awkward and precarious situation, a mere tenant at will of the plaintiff, who, at any time, as it suited his interest or convenience, might drive him away. He would have to remain in possession of property which he could not dispose of, having no title to it, and which he would not dare to cultivate or improve, lest, when it should be rendered more valuable, the plaintiff might exercise his right of entering on it. This cannot be. The right to have the judgment executed must be reciprocal, and the parties must be placed' on the same footing. *Rightor et ux.* v. *Winter*, 14 La. 548.

II. Where the sheriff has levied upon property under a *fieri*

*facias* before the return day, he is under no necessity to make his return at any particular time, unless he has sold the property. If he has not, he is bound to proceed and finish what he has commenced, though the return day may have expired. 3 La. 496. Had not the plaintiff ordered the return of the first writ, no *alias fieri facias* could have issued, until the property under seizure had been sold, and found insufficient to satisfy his demand. But by giving this order, and taking out a new writ, it appears to us that the plaintiff has abandoned the proceedings had under the original writ, and released the sheriff from the obligation of keeping the property levied upon. Had moveables been seized, and had the debtor called upon that officer to restore them to his possession, in consequence of plaintiff's order to return the writ, he could hardly have refused to give up the property, having no longer any authority to detain it. 2 La. 280. The debtor might have objected to the issuing of an *alias* writ, and have insisted upon the sale of the property seized under the first writ; but he seems to have acquiesced in the course pursued by Catlett, which, in our opinion, has had the effect of avoiding all proceedings previously had. The new execution must be carried into effect in the same manner as the one first issued, that is to say, a new seizure and notice must take place, before the sheriff can proceed to advertise and sell any property of the debtor. Code of Practice 728. But the irregularities complained of, were not of such a character, as to authorize a perpetual injunction against Catlett's right to enforce his judgment in due course of law.

It is, therefore, ordered that the judgment of the District Court be reversed, and that the sheriff be enjoined from proceeding to advertise and sell any property of the plaintiff in injunction, without making a regular seizure, and complying with all the other requisites of the law; the appellee paying the costs of this appeal.