Cochrane and others v. The Bank of the United States.

---

*Re-hearing refused.*

---

### Asa Folsom Cochrane and others *v.* The Bank of the United States.

Where, after a seizure under a *fi. fa.*, the sheriff is enjoined from further proceedings, he should not return the writ into court, but retain it to be proceeded with in case the restraining order be withdrawn or annulled. Where a seizure has been made under a *fi. fa.* before the return day, the sheriff should retain the writ until the property is sold, or he is ordered by the plaintiff, or other competent authority, to release it. Where the seizure has been made before the return day, he may do all that the law requires of him, after that time.

Where, after a seizure under a *fi. fa.*, the sheriff, on being enjoined from further proceedings, returns the writ into court, and under an *alias fi. fa.* proceeds to sell the property originally seized, without making any new seizure, the sale will be annulled.

Appeal by the defendants from a judgment of the City Court of Lafayette, *Carrigan*, J., homologating the sale of certain property of the defendants sold under writs of *alias fi. fa.* issued from that court.

Garland, J. Upon six notes of the Bank of the United States, of $100 each, protested for non payment in Philadelphia, at the instance of one Asa D. Gove, on the 23d of September, 1842, six different suits, in the names of Cochrane and five other persons purporting to reside in Boston, Cincinnati and elsewhere,

were commenced in the City Court of Lafayette, on the 5th of October, 1842.   On the same day, at the instance of the counsel for the various plaintiffs, a young member of the bar residing in Lafayette, was appointed curator *ad hoc* to the bank; upon whom, on the same day, citations were served, and, on the next, answers were filed by him, without even having communicated the proceedings to the bank, or any of their agents.   Upon the evidence of one Phelps, who was then clerk of the court, that the notes were genuine, six separate judgments were rendered for $100, with interest and costs.   The notices of judgment were served on the curator *ad hoc*, and, soon after, six executions were placed in the hands of the marshall of the court, which were levied on certain lots of ground in the city of Lafayette, and duly advertised for sale.   Previous to the sale, the Commercial Court of New Orleans extended its jurisdiction into the parish of Jefferson, and issued an injunction, directing the marshall to desist from his proceedings.   The parties were also brought before the Commercial Court by a rule, and, after hearing their counsel, it was ordered that the rule be made absolute, and that all further proceedings in the different suits be arrested, until the further order of the court.   This order, the judge of the City Court refused to obey, alleging that the Commercial Court had no jurisdiction of the matter; and he ordered his marshall to proceed to advertise and sell the property seized in the aforesaid cases, upon the plaintiffs' giving a bond of indemnification.   The seizures mentioned were made on the 21st of October, 1842, and the last order of the City Court given on the 26th of December, in the same year.   No further proceedings seem to have taken place until the 5th of July, 1843, when six writs of *alias fieri facias* were issued.   Under these, no seizure appears to have been made at all.   There is a memorandum attached to them, relative to two lots of ground that had been previously seized, not signed by any one, which is descriptive of them.   On the 17th of August, 1843, it appears that a sale was made by the marshall, under the executions, when Cochrane became the purchaser of two lots, and under an order of the court the marshall made a deed for them to him; where-

upon he applied to the court for a monition under the act of 1834.

The Bank of the United States made an opposition to its being homologated, because no demand of payment was made, or notice of seizure given : and on the grounds, that there was no legal advertisement or appraisment made ; that the legal delays had not been allowed between the time of seizure and sale ; and that the sale is informal and void, not having been made according to law. The restraining order of the Commercial Court is also alleged to have been violated, and that it is still in force. All the objections were overruled, the monition confirmed, and the defendants have appealed.

The judgment is erroneous on several grounds ; but it is only necessary to state one. Under the executions issued in October, 1842, the lots sold were seized ; when the Commercial Court granted its injunction, or restraining order, the marshall returned the executions into the clerk's office, with a statement of his proceedings up to that time. The summer following, after the judge and parties had determined to disregard the commands of the Commercial Court, six *alias* writs of execution were issued, no new seizure was made under any of them, nor is there any return on them of the proceedings of the marshall. It seems that the marshall advertised the property, and we find an appraisment in the record, but we see no seizure. The marshall could not have proceeded under the executions first issued, because he had returned them, and they were not in his possession. By returning those executions, and taking out new writs, all proceedings under the old writs were abandoned, and under the new executions new seizures should have been made. 1 Rob. 541.

The marshall was not bound to return those executions, when restrained by the Commercial Court. On the contrary, it was his duty to have endorsed on them his proceedings up to the time he was enjoined from further action, and to have kept the writs, to be proceeded on when the restraining order should be annulled or withdrawn. Whenever a sheriff or marshall has made a seizure under a *fieri facias* before the return day, he must keep the writ under which he has acted until he shall sell

the property seized, or is ordered by the party, or some competent authority, to release it. It is the warrant for his action, and he can do all the law requires of him after the return day as well as before, provided a seizure has been made before that day.

It is, therefore, ordered and decreed, that the judgment appealed from be annulled and reversed, and that the sale made by the marshall of the City Court of Lafayette, under the executions in favor of Asa F. Cochrane and others, against the Bank of the United States, on the 17th of August, 1843, be annulled and set aside, and the prayer for the homologation of the monition rejected, at the costs of the appellee.

*T. Slidell,* for the appellants.

*Greiner* and *Durell,* contrâ.