### No. 12,610.

UNION NATIONAL BANK OF NEW ORLEANS VS. HENRY HYAMS, TRANSFERRED AND CONSOLIDATED WITH FIREMEN'S BUILDING ASSOCIATION VS. HENRY HYAMS.

Garnishment proceedings taken out in a case after and under final judgment therein, in one sense may be said to be incidental to the main suit as they are based thereon, but they are separate and distinct proceedings with new parties, and must be dealt with as such; they are not brought before the Supreme Court through an appeal taken from the judgment in the main suit.

A building association to whom one of its stockholders is indebted for stock subscription, and also on a note secured by mortgage, can not be forced by a junior mortgagee to impute partial payments made by the debtor upon the mortgage debt when under the contract between the parties they were to be imputed to the stock indebtedness. Richard vs. Building and Loan Association, 49 An. 484.

ON APPEAL from the Civil District Court for the Parish of Orleans. *Théard, J.*

*Carleton Hunt* for Union National Bank, Plaintiff, Appellant.

*Dart & Kernan* for Firemen's Building Association, Plaintiff, Appellee.

*Lazarus, Moore & Luce* for Defendant Hyams and for Mrs. Violet Strauss Hyams, Intervenor and Opponent, Appellees.

Argued and submitted January 26, 1898.
Opinion handed down March 7, 1898.
Rehearing refused June 30, 1898.

On the 31st of July, 1890, the Firemen's Building Association sold to Henry Hyams for six thousand dollars certain property described in the act of sale. Hyams was at that time a stockholder in the association, owning thirty of its shares. In representation of the price the purchaser executed his note for six thousand dollars payable to the order of the association six years after date (with privilege of renewal) bearing interest at six per cent. from date, which interest was payable weekly, in accordance

with the charter of the association and the penal clauses stated in the act of sale.  In order to secure payment of the note with its interest, Hyams specially mortgaged, in addition to the vendor's privilege retained, the property purchased under the clause *de non alienando*.  The act of sale contained the usual clauses as to attorney's fees, insurance, taxes, etc.

It was agreed between the parties that if the purchaser should pay the interest on the note weekly and also the instalments due upon the note punctually, then the principal should not become due until the value of the thirty shares of stock should become equal to the amount of said indebtedness with all interest and costs that might be due upon the same, at the happening of which event the stock and said indebtedness should cancel each other, the stock and indebtedness being alike extinguished, and thereupon the association should cancel the stock, and give the purchaser full receipt and acquittance and surrender the note.  In case the purchaser should, for the term of six months, fail to pay the weekly instalments due on the stock, or the instalments of weekly interest, or any portion thereof, or any or all costs and fines that might be due by him, such failure, it was agreed, should at once, without demand, without putting in default and as penalty, make the note, with all back interest, become immediately due and exigible by executory process.  It was further agreed that any forfeiture of stock under the provisions of the charter should have a similar effect, these clauses being declared to be penal and imperative, and to obviate the necessity of putting in default.  It was further agreed that if at any time before the value of the stock should be equal to his indebtedness the purchaser should desire to pay, settle and cancel the indebtedness he should have the right to transfer to the association his stock, with interest and accumulations thereon, in part payment of such indebtedness, provided he paid in cash the balance of such indebtedness, and on such transfer being made the association should cancel said stock and give to the purchaser a proper receipt and acquittance and surrender to him the evidence of his indebtedness.  In the event of the note becoming due and exigible, and the value of the stock not being equal to the amount of the indebtedness, the association bound itself to renew or extend the note, in accordance with the terms of the charter.

On the 2d of October, 1895, the Firemen's Building Association

obtained executory process for the payment of their mortgage note of six thousand dollars. The property went to sale under the seizure on the 27th of November, 1895, one Jessie W. Atkinson becoming the purchaser for the price of six thousand and twenty-five dollars. The return of the sheriff upon the writ showed a balance of five thousand five hundred and sixty-four dollars and fifty cents, after payment of costs, which amount he declared he held in his hands, subject to orders of court, by reasons of third oppositions filed in the proceedings and execution levies upon the funds.

One of these oppositions was filed on January 26, 1896, on behalf of the Union National Bank of New Orleans; another on November 12, 1895, by Mrs. Violet Hyams, wife of Henry Hyams. The bank in its opposition claimed to be a creditor of Hyams by reason of a judgment obtained by it on the 7th of February, 1894 (duly recorded), for five thousand dollars with interest, and by reason of holding as owner through payment with legal subrogation, a judgment which had been obtained by the Rosetta Gravel and Paving Company against Hyams for three hundred and sixty-nine dollars, payment of which judgment, it was alleged, was secured by privilege. The bank claimed to be entitled to be paid out of the proceeds of the property seized over the seizing creditor and all other parties.

Mrs. Hyams, in her opposition, claimed to be the owner of the property through a transfer made to her on the twenty-third day of August, 1893, by way of a "dation en paiement" in part payment of paraphernal claims due her by her husband. She averred that by reason of this ownership which she acquired subject to the prior special mortgage rights of the association she was entitled to be paid by preference over all parties other than the plaintiff in executory proceedings, any surplus which might be left after paying the amount called for by the writ of seizure.

Anticipating an attack which might render an alternate or contingent prayer for relief necessary, she averred that she had a claim against her husband which, by virtue of the registry thereof, had become secured in her favor by mortgage. That this claim would become operative and in full force should the rights of ownership which she asserted be not maintained. This mortgage claim she advanced contingently, praying for its payment by preference over all parties other than the association. She denied that the Rosetta Gravel and Paving Company's judgment was secured by privilege.

At the time of this sale the property was standing also under seizure made on the 4th of June, 1894, upon the judgment of the National Bank against Hyams, but its sale under that writ had been stayed by an injunction taken out on the 9th of June, 1894, by Mrs. Hyams, claiming ownership under the *dation en paiement* made to her.

The issues raised in that injunction suit were not passed on therein, for the reason that before they could be taken up the property was sold in the executory proceedings, and the contentions of the parties were discussed under different conditions.

In the intervention and third opposition filed by the bank in the executory proceedings, it alleged that it had been advised that the mortgage upon which the Firemen's Building Association was proceeding, had been satisfied by defendant by credits on the stock subscription and by other payments made by him, and that there was a balance due him by the association, amounting to
which the bank was entitled to have so appear, and which it would establish on the trial of the opposition.

On the 13th of March, 1896, the Union National Bank directed the sheriff to make a seizure under the writ of *fieri facias* which had issued in its suit against Hyams. The sheriff had, on the 4th of June, 1894, under that writ, seized the property which Hyams had mortgaged to the Building Association, and had advertised it for sale, but the sale had been enjoined (as stated) on the 9th of June, 1894, at the instance of Mrs. Hyams. Under this direction of the bank the sheriff seized in the hands of the Firemen's Building Association all goods, rights, credits, etc., which it might have in its possession, and simultaneously served upon it interrogatories (such as are usual in garnishee proceedings), which it had been ordered to answer. It may as well be stated here as well as anywhere. else that the association, through some neglect or inadvertence, failed to answer these interrogatories; that, on motion of the bank, they were taken for confessed, and a judgment was rendered in its favor against the garnishees for five thousand dollars, but that on a rule taken before the judgment was signed, it was set aside on the 17th of June, 1897, and the interrogatories were subsequently answered; that the bank contested this action of the court, but that that issue has not yet been definitely disposed of, and that the question whether that action is properly before the Supreme Court for review on this appeal is one of the matters submitted to the court.

At the instance of the bank the case of the Union National Bank vs. Henry Hyams was consolidated with that of the Firemen's Building Association vs. Hyams. While these matters were in progress Mrs. Violet Hyams had brought suit against her husband, claiming a separation of property, and praying judgment on a moneyed demand which she advanced. In this suit of Violet Straus vs. Henry Hyams, she obtained judgment on the seventh day of September, 1894, as prayed for. Under that judgment she caused a *fieri facias* to issue and under that writ the sheriff made a general seizure in the hands of the Firemen's Building Association on the second day of October, 1894. The Sheriff simultaneously served upon it interrogatories as garnishee, which the court had ordered it to answer at the instance of Mrs. Hyams. The association on the fifth day of November, 1894, answered that it held in its possession thirty shares of its own stock, which was standing, however, in the name of Mrs. Violet Hyams, wife of Henry Hyams, and that the stock was pledged to it to secure its loan of six thousand dollars to the husband of Mrs. Hyams.

On the first day of May, 1895, Mrs. Hyams took a rule on the association to show cause why under its answers the stock mentioned should not be sold and applied to the enforcement of her judgment and execution. No action on that rule was taken in that particular proceeding, but in the intervention and third opposition which Mrs. Hyams filed in the suit of the Firemen's Building Association vs. Hyams she recited the fact that a partial payment had been made to her by her husband on the paraphernal claims which she held against him through the *dation* to her of the property under seizure, and of which she claimed to be the owner subject to the mortgage rights of the building association; that she had thereafter obtained a judgment of separation of property from her husband coupled with a money judgment for the balance of her paraphernal claims remaining unpaid; that under a writ of *fieri facias* issued under that judgment the sheriff had seized the stock pledged as collateral to secure the debt of the bank, and that said stock had also been seized through the garnishment proceedings.

That by reason of said seizure and garnishment she had acquired a lien and privilege upon said stock and a right to subject it to the payment of her claims and judgment; that the stock was severable and subject to seizure; that the association had no right to credit said stock upon the debt due for the purchase price of the property and she opposed any such credit.

In addition to her prayer for payment out of the proceeds of the property seized and sold she contingently prayed that her lien and privilege upon the shares of stock resulting from the seizure and garnishment be recognized and enforced, and that the same be sold to satisfy the said lien and judgment.

The bank and Mrs. Hyams each answered the third opposition filed by the other ln the suit of the Firemen's Building Association vs. Hyams. The bank attacked the judgment of separation of the wife against the husband as being an absolute nullity by reason of its non-execution promptly according to law, and the privilege claimed by her under her seizure and garnishment on the ground that she had not traversed the answers of the garnishees within the time prescribed by law for her doing so.

Mrs. Hyams pleaded the prescription of one year as against these attacks upon her, and in her answer to the third opposition filed by the bank denied that it had ever made a legal seizure of the stock under the writ of *fi. fa.* which had issued on the 4th of June, 1894, averring that the seizure and garnishment proceedings taken thereunder were absolutely null and void, as the sheriff had at that time no writ of *fi. fa.* in his hands under which the seizure and garnishment could be made, the writ having expired long before that date.

On the 17th of June, 1897, as has been stated, the court rendered judgment in the matter of the rule taken by the Firemen's Building Association on the bank to set aside the judgment it had obtained *pro confesso* setting aside the judgment.

On the same day (17th June, 1897), it rendered judgment overruling the pleas of prescription filed by Mrs. Hyams, also an exception of no cause of action which had been filed by the Union National Bank.

It further decreed that the intervention and third opposition of the bank be maintained to the extent only of ordering that out of the proceeds of the property sold under executory process there be paid to it by preference the sum of three hundred and sixty-nine dollars and sixty-five cents and costs, but that in all other respects the opposition be dismissed. It further decreed that the balance of the proceeds of sale be applied to the payment of the mortgage claim of the Firemen's Building Association against Henry Hyams, which claim is for six thousand dollars with interest thereon, together with attorney's fees, insurance, premiums, taxes and costs.

It further decreed that the pledge made by the defendant, Hyams, to the association of all instalments paid and to be paid on thirty shares of the capital stock of said association standing on its books in the name of his wife, Mrs. Violet Hyams, represented by certificates Nos. 1301 and 1719, be recognized and enforced, and that the balance of said association's claim against Henry Hyams be paid by preference out of the said pledged instalments on said thirty shares of stock. It was further decreed that the third opposition of Mrs. Violet Hyams be maintained in so far only as to recognize the validity of the seizure and garnishment made by her of the said thirty shares of stock and to order that the same be sold in due course of law to satisfy the judgment obtained by her against her husband, Henry Hyams, for the sum of two thousand eight hundred and thirty-six dollars, with costs, and with privilege and mortgage dating back to August 31, 1893; that in all other respects the said opposition be dismissed.

The following entry appears on the minutes of the court of June 23, 1897:

Civil District Court, Division " E "—Consolidated Cases.

FIREMEN'S BUILDING ASSOCIATION  
            vs.          } No. 47,152.  
       HENRY HYAMS.

Civil District Court, Division " E."

UNION NATIONAL BANK OF NEW ORLEANS  
            vs.         } No. 41,258.  
       HENRY HYAMS.

" On motion of Carleton Hunt, attorney for the Union National Bank of New Orleans, and on suggesting to the court that there is error to the prejudice of said bank in the judgment rendered in the above named cases. June 17, 1897, and signed June 23, 1897. It is ordered by the court that the bank be allowed a suspensive appeal from said judgment, returnable in the Supreme Court on the first Monday in November, 1897, and that the amount of the bond of appeal be fixed at six hundred dollars."

The bank furnished, on the same day, an appeal bond, with the same caption as that of the motion for an appeal, the recitals of which bond were, that the bank had that day filed a motion of appeal from a final judgment rendered against said bank in the suits of Firemen's Building Association vs. Henry Hyams, No. 47,152,

Union National Bank of New Orleans vs. Henry Hyams, No. 41,258, consolidated cases, Nos. 47,152, 41,258 of the Civil District Court for the parish of Orleans, on the seventeenth day of June, 1897, and signed on the twenly-third day of June, 1897.   Mrs. Violet Hyams moved in the Supreme Court that the judgment be amended as follows:

That the act of *dation en paiement* to her entered into on August 23, 1893, be maintained, and she be declared the owner of the property therein conveyed and entitled to the proceeds thereof.

If the said act of *dation* is not maintained, and her levy upon the stock under the *fieri facias* and garnishment proceedings and under her judgment are not maintained as under the judgment of the lower court, that her privilege resulting from the registry of the act of *dation en paiement* of August 23, 1893, and her tacit mortgage resulting therefrom, be recognized and enforced on the property and its proceeds.   That the demand of the bank to be subrogated to the judgment of the Rosetta Gravel Paving and Improvement Company, and to have the paving lien and privilege recognized and enforced on the property and its proceeds, and paid by preference, be rejected.

The opinion of the court was delivered by

NICHOLLS, C. J.   The first question we are called on to consider is whether the action of the District Court, setting aside the judgment which the Union National Bank had obtained the Firemen's Building Association *pro confesso* for neglect to answer the interrogatories propounded to it, is before us for review.   Appellant contends that it is; the Firemen's Building Association that it is not.   Though this action of the court was taken on the 17th of June, 1897, the same day in which the final judgment appealed from was rendered, it was not embodied therein, but was made the subject matter of a separate and distinct ruling.   The judgment in the main case was signed by the District Judge—the action taken upon the rule to set aside the *pro confesso* judgment was unsigned.   The motion for an appeal, the order of appeal and the bond of appeal all refer to the judgment appealed from as being that rendered on the 17th of June and signed on the 23d of June.   We do not think the ruling of the court on the motion to vacate the judgment in favor of the Union National Bank

against the association is before us as part of the final judgment appealed from. Appellant contends that granting this to be so, it comes properly before us as one of the interlocutory orders given in the case of the Bank against Henry Hyams. The final judgment rendered in that particular case is not before us—the association was not a party to that suit—it became connected with it only through proceedings in garnishment originating after the main suit had been finally disposed of. It is true that those proceedings had their origin by reason of the suit of the Bank against Hyams, and in one sense they may be said to be incidental to it, but none the less they are separate and distinct proceedings between new parties and they must be dealt with as such, for the purpose of settling and determining the rights of those parties *inter se* under them, particularly when the judgment rendered therein was *pro confesso* for a neglect to answer interrogatories. We do not think this particular matter is before us on this appeal. The issues really before us are those raised under the executory proceedings of the association directed against the property mortgaged to it, and the proper and legal distribution of the proceeds of the sale of that property under the third oppositions of Mrs. Violet Hyams and the Union National Bank touching those proceeds.

Three distinct actions are referred to in these proceedings: 1. The suit of the Firemen's Building Association vs. Henry Hyams; 2. The Union National Bank of New Orleans vs. Henry Hyams; 3. Mrs. Violet Strauss vs. Henry Hyams. The two former suits were consolidated, bnt the third was not.

The third opposition of the Union National Bank, claiming the proceeds of the sale made in the executory proceedings of the association was filed after the sale of that property had been made under the writ of seizure. The bank, though having a judgment and a judicial mortgage on the property, and though it was holding it under seizure prior thereto under its own writ of *fi. fa.*, did not attempt to enjoin the sale upon the ground that the mortgage upon which the proceedings were being carried on had been extinguished by payment, but permitted the sale to be made and then claimed the proceeds under its judgment, its mortgage and its seizure. Pretermitting any discussion whether under such circumstances the bank could urge that the sale had been made under a mortgage which had no existence and that it could therefore rightfully and legally claim the

proceeds, we proceed to examine the ground upon which this alleged payment is made to rest. We find appellant's contention to be that the bank should be forced to impute and apply the various payments made by Henry Hyams under his contract of the thirty-first day of July, 1890, upon the mortgage note which he executed on that day, and not in manner and form as provided for in that contract and by the terms of the charter of the association of which Hyams was a stockholder. That question was presented and decided in Richard vs. Southern Building and Loan Association, reported in 49 An. 481 adversely to the position taken by the appellant.

The decison in that case controls the decision in this. We think the judgment of the District Court on that branch of the case correct. We think it also correct in decreeing that the Union National Bank of New Orleans be paid by preference the sum of three hundred and sixty-nine dollars and sixty-five cents out of the proceeds of the sale by reason of being owner through payment, with legal subrogation of the judgment with recognition of privilege obtained by the Rosetta Gravel and Paving Company against Henry Hyams. The opposition to that portion oi the judgment has been substantially abandoned. The affirmance of the judgment appealed from in these two respects disposes of the entire fund produced by the sale of the property mortgaged to the association. Notwithstanding that fact the District Court passed upon various contentions raised by the bank and Mrs. Hyams concerning matters outside of the application of the proceeds of the sale of the mortgaged property·

No written reasons are assigned for the judgment, and those contentions are not specifically and separately passed on, but the decree itself indicates what the views of the court upon them must have been. The court obviously SUSTAINED the judgment of the wife against her husband, and the seizure made by her thereunder through her seizure and garnishment proceedings directed against the building association, against the attack made upon them by the bank, and HELD that the *Union Bank took nothing* in respect to the seizure of the stock by its own seizure made in 1896, under the writ of *fi. fa.* which had issued in 1894, in execution of its judgment and by the garnishment proceedings taken out in 1896 upon the supposed continued existence and vitality at that time of that writ.

The stock in question has not been sent to sale up to the present time. Both parties claim priority of privilege over the proceeds of

the sale of that stock when it shall have been made, by reason of claims by each of legal seizures thereof. That of Mrs. Hyams, made in the suit of Violet Strauss vs. Henry Hyams, is first in order of date. The record of that suit is not before us. We are not advised that the bank has ever intervened in that suit or taken any direct action against the claims of Mrs. Hyams. The parties have attacked each other collaterally in a suit in which the thing itself over which their respective contentions are now being made was not itself involved in the suit. The shares of stock pledged by Henry Hyams to the association were not seized by it, and they have not been sold. The conclusions reached by us as to the application of the proceeds of the sale of the real estate render it unnecessary, we think, to pass at this time upon the respective pretensions of the parties in relation to the stock. We think the ends of justice will be best subserved by leaving those matters open for future adjustment. That purpose will be attained by affirming the judgment appealed from in so far as it deals with the proceeds of the sale of the property mortgaged, and simply reversing it as to other points. The effect of this simple, partial reversal will be the replacing of the parties in the position which they respectively occupied prior to the rendition of the judgment appealed from, free to take such proceedings and to ask such relief as they may conceive themselves legally entitled to.

We are very free to say that our present impressions are adverse to the right of the bank to make the general seizure it did in 1896, and to take out the garnishment proceedings which it did at that time under the writ of *fi. fa.* which it had caused to issue in 1894, in execution of its judgment against Hyams. The sheriff had made a seizure of specific real estate under that writ and had advertised and was about to sell the same when the sale of that particular property was stayed by an injunction. The injunction was not general, restraining him from executing the writ at all—its effect was limited, and he was free to seize any other property of the debtor which was subject to seizure. We scarcely think a new seizure made in 1896, under a writ of *fi. fa.*, issued in 1894, sustainable, though a seizure made within the seventy days (the date fixed by Art. 642 of the Code of Practice for the return of writs of *fi. fa.*), might remain effective for the purposes of a sale of the property.

For the reasons herein assigned:

It is hereby, ordered, adjudged and decreed, that the judgment

appealed from in so far as it decrees that the proceeds of the sale of the property seized and sold in the matter of the Firemen's Building Association vs. Henry Hyams, be paid by preference to the Union National Bank of New Orleans to the extent of three hundred and sixty-nine dollars and sixty-five cents, and the costs of the third opposition filed in said suit by said bank, and in so far as it decrees that the balance of the proceeds of the sale aforesaid be applied to the pamyent of the mortgage claim of the plaintiff in case No. 47,152, the Firemen's Building Association against Henry Hyams, which claim is for six thousand dollars and interest thereon at the rate of six per cent. per annum, from May 12, 1894, until paid, together with five per cent. attorney's fees on the aggregate of said principal and interest— sixty-nine dollars and sixty cents insurance premium—thirty-seven dollars and sixty cents State tax—four dollars costs of copy of mortgage act, and all costs of suit be and the same is hereby affirmed.

It is further ordered, adjudged and decreed that except to that extent the judgment appealed from be and the same is hereby annulled, avoided and reversed, and the parties replaced in the position which they respectively occupied, just prior to the renditton of the judgment appealed from, free to take such proceedings, and to ask such relief as they may conceive themselves legally entitled to. Costs of appeal to be divided between Mrs. Violet Straus, wife of Henry Hyams, and the Union National Bank of New Orleans.