**A. BALDWIN & CO., Inc., v. LE LONG et ux.**

**No. 14164.**

Court of Appeal of Louisiana. Orleans.

June 27, 1932.

See, also (App.) 142 So. 206.

Connolly & Simoneaux, of New Orleans, for appellant.

F. Rivers Richardson, of New Orleans, for intervener appellee.

JANVIER, J.

A. Baldwin & Co., Inc., having obtained judgment against defendant Charles A. Le Long, caused a writ of fieri facias to issue on January 20, 1932, and under that writ the constable of the First city court seized certain household effects belonging to said defendant. Within a few days thereafter Le Long furnished a forthcoming bond and by this means retained possession of the seized property pending sale thereof under the writ of fieri facias. On January 30, 1932, Gibson, intervener and third opponent, appeared in the proceedings, and, alleging that he had purchased a mortgage note previously issued by Le Long to Fulton Loan Service, Inc., and secured by mortgage upon all of the property seized, except a certain refrigerator, and that he had been subrogated to all the rights of the Fulton Loan Service, Inc., prayed for judgment recognizing his right to be paid out of the proceeds of the sale of the property by preference and priority over the seizing creditor, A. Baldwin & Co., Inc.

Judgment on the intervention and third opposition was rendered in favor of Gibson, and from that judgment A. Baldwin & Co., Inc., has appealed.

Gibson moves to dismiss the appeal on the ground that the writ of fieri facias, from which the rights of Baldwin & Co. have arisen, has expired, and he contends that, since the constable neither made return on the said writ, nor retained a copy thereof prior to its expiration, the seizure has been auto-

matically dissolved and the rights of the seizing creditor under the said writ have been lost.

The motion to dismiss the appeal was originally based on articles 642 and 700 of the Code of Practice and on Act No. 231 of 1918.

Counsel for mover now concedes that Act No. 231 of 1918 has no application in the parish of Orleans, and he now depends entirely upon the two above-mentioned articles of the Code of Practice.

Since Gibson, on the tenth day after the issuance of the writ, filed his intervention and in it admitted that the seizure had already been made, it appears from his own pleadings that the seizure was made long prior to the expiration of the writ.

■ It is well settled that, where, before the expiration of such a writ, seizure has actually been made, the seizing officer may, even after the expiration of the writ and although he may have failed to make return before its expiration and may have failed to retain a copy thereof, nevertheless proceed with the sale of the property.

In Siess v. Couvillion et al., 5 La. App. 464, the facts with reference to the expiration of the writ were as follows:

"The sheriff seized the property within seventy days after the issuance of the writs but he made no return of the writs, nor did he make a copy thereof within seventy days. He held the property and was about to make a sale thereof under the original writs after the expiration of seventy days."

The court distinguished between the situation in which the seizure is made prior to the expiration of the writ and the sale is not made until afterwards, and that in which the seizure is not effected until after the expiration, holding that, in the first case, the seizure is good and continues until the actual sale, although that actual sale may not be had until after the expiration, but that, in the second case, where the seizure is not made until after the expiration, in order to continue the rights of the seizing creditor, a return must be made on the writ prior to its expiration and a copy thereof must be retained by the seizing officer. The court, in Siess v. Couvillion et al., supra, said:

" * * * Plaintiff contends, that even when property is seized under the writ within

seventy days, the sheriff must make return of the writ before the expiration of that time, make a certified copy thereof and proceed under the copy and make return thereon; otherwise no sale can be made.

"But the settled jurisprudence is the other way.

"In the case of Latham v. Glasscock, 160 La. 1090, 108 So. 100, the court said:

"'It is well settled that, where property has been seized under a writ of fieri facias before the return day, the sheriff may retain the writ and sell the property after the time fixed for its return.'

"Citing Labiche v. Lewis, 12 Rob. 8; Aubert v. Buhler, 3 Mart. (N. S.) 489; Dugat v. Babin, 8 Mart. (N. S.) 391; Rothschild v. Ramsay, 2 La. 277; Black v. Catlett, 1 Rob. 540; Byrne v. Taylor, 2 Rob. 341.

"In the case at bar, the sheriff seized the property within seventy days. He unquestionably had the right to retain the writ and sell the property after the time fixed for its return.

"It is well settled that if no seizure is made by the sheriff within seventy days from the date of the issuance of the writ, the sheriff is without power or authority to seize and sell the debtor's property under the original writ; but that is not the case here."

We find ourselves unable to distinguish that case, and we note that it is based upon prior adjudications of the Supreme Court cited therein. See, also, Union National Bank v. Hyams, 50 La. Ann. 1110, 24 So. 774.

■ Mover contends that, although the seizure was made prior to the expiration of the writ, the acceptance by the sheriff of the forthcoming bond had the effect of returning the property to the possession of the owner and that, thus, the situation is the same as though no seizure had been made within the limit fixed by the Code of Practice.

We are unable to accept this view. The forthcoming bond took the place of the property itself. It did not nullify the effect of the seizure. In fact, its issuance was a recognition that the seizure was effective. It merely served as a guaranty that the property seized and placed by the sheriff in the owner's care would be available when needed.

The motion to dismiss the appeal is denied.