## GREGORY BYRNE *v.* GEORGE TAYLOR.

Where property has been seized under a *fi. fa.*, the sheriff may proceed to sell though the return day has passed, or the writ itself has been returned into court; and payment to the sheriff, under such circumstances, for the purpose of liberating the property seized, will discharge the debt.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.

MARTIN, J. The plaintiff is appellant from a judgment dissolving an injunction, which he had obtained to stay the proceedings of the defendant under an execution issued in pursuance of a judgment which the latter had recovered against him. A former execution had been levied on two slaves, and on the interest of the present plaintiff in two steamboats. The slaves were sold, and the proceeds retained by the sheriff to satisfy a mortgage which was on record in favor of the vendors of the plaintiff Byrne. It does not appear that the proceeds of the sale were sufficient to satisfy the mortgage and leave any thing to be applied to the execution, nor that the interest in the steamboats was sold at the time the writ was returned into court. The present plaintiff afterwards paid the whole amount of the judgment and costs to the sheriff, notwithstanding which the defendant sued out an alias *fi. fa.*, which

is the one stayed by the injunction the dissolution of which is complained of.

The counsel for the appellee contends that the injunction was improperly issued, as the payment by the appellant can not avail him, having been made to the sheriff after he had ceased to have any authority to receive it, by the expiration of the return day, and his parting with the writ. The counsel has relied on the case of *Rothschild et al.* v. *Ramsay*, 2 La. 280. His adversary has replied, *ex ore tuo te judico*. The case relied on establishes, indeed, the general proposition that " the sheriff is no further the agent of the plaintiff in execution, than while the *fi. fa.* remains in his hands. The instant it is returned into court, or the return day expires, his authority to enforce the judgment, or to receive the amount ceases." But the case establishes an exception to this proposition, in favor of a sheriff who has previously made a levy, in which case the law permits him to sell what he has seized. It is, therefore, clear that when the sheriff is authorized to sell, the defendant in the *fi. fa.* may prevent the sale, and liberate his property from the seizure by the payment of the debt and costs. This the appellant appears to have done.

The first judge, in our opinion, erred in dissolving the injunction.

It is therefore ordered, that the judgment be reversed, and that the injunction be made perpetual, the defendant and appellee paying the costs in both courts.

*Larue*, for the appellant.

*H. R. Denis*, contra.

