' The opinion of the court was delivered by
Nicholls, O. J.
Jacob Yon Hoven died on the 9th of February,. 1898. He left surviving him two daughters, issue of his first marriage, and a widow. He left a will dated October 81, 1890, by which-he bequeathed to his widow certain real and personal property,, and appointed her executrix without bond but without seisin. She accepted the executorship, and with the consent of Magadelina Yon Hoven (wife óf Edward Englebrecht), one of the heirs, she administered the succession, the property of which was inventoried under an order of court, on the 13th of February, 1893.
On the 16th of March, 1893, the widow as testamentary executrix- and widow in community, joined by Mrs. Englebrecht, presented a petition to the court, in which they declared that they annexed thereto a detailed statement of the estimated debts and liabilities of the succession, and alleged that the bricks left and the outstanding accounts would not realize enough to pay the debts; that it was necessary to sell property to pay debts, because the movables and money left by the deceased were given as a particular legacy to the widow, and that certain landed properties (describing them) were acquired during the last community, and one-half belonged to the widow,. *913 as a widow in community, which community she accepted under-benefit of inventory. That both petitioners were .unwilling to hold the same in common with Louisa Von Hoven (wife of Oasimir Muller), the other heir of Jacob Yon Hoven, and that it was necessary to sell the property in order to settle the community, and that it ■ could not be divided in kind without greatly depreciating its value, and that it was necessary to sell certain specified real estate belonging to the separate estate of the deceased to pay debts, petitioner, Marie Englebrecht, averring that she was unwilling to hold said property in common, and that this can not be divided in kind without a , depreciation of value, and that she could not come to ary agreement with reference to a partition with her sister, Louisa Yon Hoven. In . view of the premises, petitioners prayed that Louisa Von Hoven be • cited and that enough -of the property described be ordered to 'be sold to pay debts; that experts be appointed to report whether or not - the residue of the property not ordered to be sold to pay debts, and ■ not included in the particular legacy to the widow, can be conveniently divided in kind without a depreciation of its value, and if they so report or the same be admitted by the defendant, Louisa Muller, that a decree for a\ sale be made, and in any event that a decree or partition be made of all the property of the succession not ■ sold to pay debts, and not included in the particular legacy to the widow. That enough of the proceeds be left in the hands of the executrix to pay the debts and liabilities, and the residue .be partitioned between the parties in interest according to their respective • rights, and that they be referred to a notary to effect said partition.
Mrs. Louisa Von Hoven, joined by her husband, Oasimir Muller, filed an answer to this petition in which, after pleading the general issue,. they averred that Jacob Von Hoven was thrice married; that his first ■ wife was the mother of respondent and, of Mrs. Englebrecht; that-she died in 1866, and the property ^which belonged to the community between herself and Von Hoven is in the main the property now forming the estate of Jacob Von Hoven, in which property respondent Louisa Von Hoven, claims an interest as heir of her mother. That recently respondent’s father admitted judicially in proceedings . had in the courts of Louisiana that he had omitted from the inventory and had not accounted to his children, or included in the succession of their mother, some fifty thousand dollars belonging to-said succession. That while it is true said Von Hoven caused-. *914 the succession of his first wife to be opened in and during the minority of the respondent, and caused the real estate to be adjudi-■cated to himself, it is still true that he failed to account therein for the sum of fifty thousand dollars, and respondent was not aware that-said money was and formed part of said community, until the facts were acknowledged by her father in the proceedings had in the matter- of Weller vs. Von Hoven, No. 18,116 of the docket of this ■court 42 An. 602, and under the circumstances, and as heir of her deceased mother she is entitled to recover from the estate of her deceased father her virile share thereof, namely, one-sixth (her mother having left three children issue of said marriage), that is to say, eight thousand three hundred and thirty- three dollars and thirty-■ 'three cents, with legal interest from demand.
That about the year 1868 respondent’s father contracted a second marriage with Barbara Weller, from whom he was judicially sepa-' rated in 1884, and no children were born of that marriage, and that community was closed by the judgment rendered by the Supreme Court of Louisiana in the case between them reported in 42 An. 602. That respondent is informed that thereafter Von Hoven contracted a third marriage with one of the plaintiffs herein, and there were no children issue of said marriage. That under and according to the terms of the last will of said decedent, he attempted to give ' to plaintiff, his third wife, about one-half of his estate, which legacy is in excess of the share or portion reserved by law to respondent and' her co-heir, and is in contravention of the law of this State, and •especially in violation of the act of 1882 amendatory of Art. 1752 of the Civil Code, and said legacy should be reduced to the one-third of-hip estate, after paying the debts and charges of the same, including the amount due to respondent, as aforesaid. That the community between plaintiff and Von Hoven, if one existed (which is -denied), did not acqúire the real property referred to in thepeti-’ tion — on the contrary, the same was and is the separate estate of the deeedent, bought and paid for with the separate funds of Von Hoven, and the acquisition or transfer of title when made to him, was paid for merely by credit on the judgment which plaintiff Von "Hoven, in t*hé' suit of Von Hoven vs. Elizabeth Barlow, obtained in the. said proceedings, the judgment being a mere recognition of the-•debt due by said Barlow to Von Hoven before his marriage with the’ plaintiff; but should it be decreed that said realty was and is an ac-! *915 quisition by. and for the second community, then the said property and second community should be charged with the amount of said debt, interest and costs, to-wit, the sum of twenty-two thousand dollars, or thereabout.
That the list of debts furnished by the plaintiff is not a true showing; on the contrary, the said amounts are not due by the estate, and if due in any sum whatever, they are grossly overcharged and -should not be recognized or admitted by the court. That the plain? tiff has taken possession of the decedent’s estate and sold the prop? •erby thereof without the authority of the court, and without right •so to do, whereby she has made herself liable for the debts of said -estate, if any, and respondent avers that she has not filed any show? ing or account of the sums of money of which she has possessed herself in this and other ways — the same being the funds and property •of the estate, and respondent asks that the plaintiff be ordered to render a just and true account of what she has done in the premises, and that she be condemned to restore to the estate the sums of money thus by her obtained.
That in the inventory taken in her absence by the plaintiff •the property of the estate which she claims has been donated ;to her, and which she claims and reserves as her particular legacy; has been grossly undervalued, as respondent will prove on the trial; that live stock and vehicles, sand, and utensils of various kinds have :been particularly -Undervalued, and the real value of the things contained in said special legacy exceeds by at least ten thousand dollars -the valuation affixed thereon in said inventory. That in the said inventory is entered and valued at ten thousand dollars, five certain claims in suits by Yon Ho ven against the Texas & Pacific Railway Company, which claims have no value at all, and ceVtainly no such value as has been given therein. That other claims mentioned therein have likewise been therein overvalued, the whole for the specific purpose of inflating the apparent share coming to respond-' cnt as heir at law of her father, and the said inventory is therefore .not a just or true inventory of the estate.
That the decedent left upward of nine thousand dollars in bank, which can and should be used in paying debts, and it is not necessary to burden his estate with an administration for the purpose of pay-, ing said debts, if any — that being a matter which can be adjusted in. .the partition herein sought. . . ■;
*916 Respondent declares that she is willing to partition and divide said' estate, and she admits that the property composing the same cannot conveniently be divided in kind, wherefore she prays that there-may be judgment decreeing a full, final and definitive partition of the estate of Jacob Von Hoven by licitation, in the manner provided by law, on such terms and conditions as will subserve the best interests of all parties in interest. That the claims and pretences of the widow Anne M. Von Hoven to a community interest in the property referred to in her petition be denied, or if said property shall beheld community, then that it and said community be condemned to pay and be subjected to the payment and return of the amount expended therefor and thereon by Jacob Von Hoven out of his-separate estate, namely, the sum of twenty-two thousand dollars,, with interest from judicial demand. That there be judgment in respondent’s favor, against the plaintiff, recognizing respondent to be a creditor of said estate in the sum eight thousand three hundred and thirty-three dollars and thirty-three cents, with legal interest from judicial demand, and that same be paid out of the proceeds-herein to be realized and in the manner pointed out by law. That-the alleged debts claimed by plaintiff to be due by the estate be rejected, or if allowed in any amount, that they be reduced to fair and reasonable figures. That the widow aforesaid be condemned to file a just and true account of the moneys obtained by her from every source from the sales of the property of this succession. That she-be condemned to pay and return the full value to the estate of property wrongfully sold by her as aforesaid. That the valuation of the-items composing the special legacy, to her be inquired into, and that said valuation as fixed in the inventory be increased by the sum of fifteen thousand dollars.
That she be prohibited from disposing of any of the remainder of said property except as the same may be ordered in this proceeding. That she be held liable as a widow intermeddling in the estate. That the overcharged and overvalued items in said inventory be stricken out and reduced to a fair and just estimate, and finally that the court refer all parties to a notary to adjust and partition the-estate on the basis to be fixed by the Court’s judgment and for all1 and general relief.
Subsequently to the filing of the above answer, Mrs. Marie Von Hoven as testamentary executrix and widow in community (under- *917 'benefit of inventory) and Mrs. Englebrecht, filed what they designate as “exceptions” to the demands of Mrs. Louisa Muller, set up in her answer — to so much thereof as she claims to be a creditor in the sum of eight thousand three hundred and thirty three dollars and thirty-three cents.
1. Because she has not presented her claim to the executrix and had it approved, and she can not set it up in this collateral manner, ■but only by a direct action.
2. The rights and interests of the said Louisa Muller in and to the succession of her mother, Margaret Grosz, have been fixed by a final judgment of the Parish Court of Jefferson Parish, liquidating her interest in the said succession eleven years old, that said judgment is res judicaia, and can only be annulled for fraud in a direct action, and her action is prescribed by one, four and ten years, which prescriptions are specially pleaded. To so much of the demands of Louisa Muller as seeks to reduce the particular legacy, that it is premature and can not now be presented in this form and that the demand for an account is premature. No action was sought or obtained on these exceptions. The parties went to trial, evidence was adduced and the case was submitted. The District Court finally rendered a judgment ordering “ that a partition be granted herein and to that end all the real property described in the inventory be sold at public auction with the exception of that which has been bequeathed to the widow, said sale to be made by W. A. Kernagan, auctioneer, who shall sign an act of sale upon the terms of one-third or more cash at purchaser’s option, and the -remainder on credit at one and two years with eight per cent, interest and the usual Security clauses; that the funds arising from said sale be deposited in the judicial depositary and the executrix do immediately thereafter file her account; that the issues not herein disposed of raised by plaintiff and defendant be postponed and reserved, to be tried and decided upon by way of opposition to the account aforesaid.” Mrs. Louisa Muller has appealed suspensively from that judgment. ,
It was admitted in the lower court that the executrix is still in possession of all the property described in the inventory, except that which she has sold under the orders of the Court and that she has' never filed any account.
Appellant’s counsel in his brief says: “The only complaint we *918 make against the judgment which we have appealed from in this ease is briefly that it has not decided the questions raised in the-pleadings and does not protect the appellant and preserve her clear rights under the law.
“ Appellant set up claims against her for their succession and' averred that the legacy to the widow was in excess of the disposable portion. She charged that the inventory was inflated so as to-reduce the apparent value of the legacy to the widow and increase the apparent value of the residuum, inasmuch as it appraised at its-face value five certain lawsuits for damages brought by the decedent? against the Texas & Pacific Railway Company, claiming ten thousand dollars damage for their illegal action in laying its rails and roadway on the public streets upon which decedent’s property abutted. For the purpose of this discussion the other issues raised in the pleadings are pretermitted, as the right to discuss them is reserved in the-judgment after the partition is obtained. On the question of reservation of the right to attack the legacy as being in excess of the legitime we submit that the judgment will not be any protection to the heir, inasmuch as a. suit to reduce the will can not be set up by opposition to the account. . * *■ * The Code seems to require a'direct action to reduce a donation (0. C. 1504 et seqJ). If the judgment appealed from had dismissed as a case of non-suit, the action to-' reduce the will the exigencies of the situation would have been satisfied, but reserving as the judge does the rights of the pleaders to urge these things by way of opposition to the account, it seems to us no protection should an objection be raised by the legatee, or-should she insist that the legacy forms no part of the succession to be accounted for on her account. This is the solitary question presented, and we respectfully submit that the judgment should be reversed and one rendered reserving the heir’s rights to establish by direct action the excessive donation.”
Mrs. Von Hoven, the testamentary executrix and widow in community (the legatee mentioned in the pleadings), and Mrs. Bnglebrecht have both acquiesced in the judgment.
The initial step in the immediate proceeding before us was a petition by the widow of Jacob Von Hoven, who was not only the widow in community with the deceased, but a legatee under his will and his testamentary executrix, in which she was joined by one of the two heirs of Von .Hoven, asking for a sale of so much of the property *919 as was necessary to pay debts, a sale of all tbe residue (not including certain property bequeathed by the deceased to his wife) to effect, a partition and a full and definitive partition between the plaintiffs and Mrs. Muller, the sole remaining heir. This heir, on being made a party, consented to a partition, in fact prayed herself that one should be made. The effect of the proceeding was to group together all parties interested in this succession, the executrix to a certain extent being charged with the settlement and liquidation of the ebtate. The effect of the judge’s order or judgment will be to bring about a sale of all the property of the succession (save that specially bequeathed to the widow), for the double purpose of paying debts- and of leading up to the ascertainment, settlement and liquidation of tbe rights of all concerned. The value of properties will be ascertained by public bids and not by conjectural estimates. The funds realized will be placed securely in bank, and there remain, to-be made primarily available to the extent shown to be necessary for the payment of debts, and finally for purposes of distribution. The account ordered to be filed will afford a direct and proper method-of fixing the exact liability of the estate, and enable Mrs. Muller to contest contradictorily with those whom the testamentary executrix recognizes as creditors, the correctness of that recognition. The reality and amount of their claims could not be passed upon in their absence, and definite knowledge as to their reality and their amount is an important factor in this litigation. The proceedings reach us freed from all trouble as to questions of form, the only exception taken in the lower court having been abandoned, the parties having presented squarely, by their respective pleadings, their various contentions, and having gone to trial upon them. Possibly the case was in a situation to have had determined by the Court more of the issues raised than it thought proper to decide, but we do not think that any of the parties have been or will be aggrieved or injured by this course; on the contrary, when the judge will be called on hereafter to pass upon the issues he will deal with certain matters as fixed facts which now would be more or less matters of conjecture — approximations at best.
We do not understand that the law forcedly requires the District-Judge to dispose, prior to a sale of the property by lieitation, or prior to the rendition of the account by the executor (when the succession is under administration with such a representative), of all the issues *920 which the parties to a partition may raise. The particular course to be pursued will be dependent upon the facts of different eases as they present themselves. What might be proper in one would not be at all proper or advisable in another. In the case at bar, as matters now stand, not only are all the parties in interest before the court on issues raised by each without objection, but all the property left ■ by the deceased is for the purposes of this litigation, still in the hands of the executrix. The record shows no transfer of property to third persons nor the existence of any adverse rights which would be injuriously affected by the form in which matters have shaped themselves. Appellant seems to be apprehensive that the legatee, Mrs. Von Hoven, copld successfully object to the trial of an issue contradictorily with her as to the reduction of her legacy when presented in the form of an opposition to her account as executrix. Even could a legatee make such an objection under circumstances ■different from the present, the widow, as executrix and legatee, certainly could not object, by reason of the form of the proceeding in the present case, for she has acquiesced in the judgment of the court “ postponing ” the determination of the issues not passed on, and directing that they be “tried” and decided upon by way of opposition to the account.
We do not understand the judgment of the lower court to have thrown any of the parties out of court. Matters are to stand as they now are, both as to parties and to pleadings, until the executrix files her account, when all issues which have been raised and have not as yet been passed upon are to be renewed. The only issues disposed of up to the present time are as to the sale of the property of the succession other than that bequeathed to the widow — the right of partition and the necessity and duty of the executrix to account. The judgment contemplates first a sale of the property, and next an account by the executrix, to which the pleadings already filed by Mrs. Muller are to be taken as an anticipated opposition. When the executrix files her account she will have to charge herself with the funds not only arising from the sales now ordered, but those already made of movables under order of court. In addition to this it will be her duty to refer to all property which is placed upon the inventory, and show what has become of it; to state what disposition should be made of that remaining under her understanding of the rights of parties, and to pray that this disposition *921 ■be authorized and ordered. She will have to file a list of the debts and liabilities of the succession, which she recognizes, and have the usual advertisements made under order of Court, calling on all parties in interest to show cause why the account should not be approved and homologated, and the funds and property disposed of as prayed for in the account and petition of the executrix. The account which the executrix will have to file is not simply an account for the payment of creditors, but an account for a settlement of the succession finally and contradictorily with the heirs. They will 'have to be specially made parties and regularly cited in the premises. In the case at bar, the property bequeathed to the widow will have to be referred to in the account and petition of the executrix, and she will have to pray contradictorily with the heirs that it be recognized as hers under the legacy and delivered to her. She will not be at liberty to take possession of that property without orders of Court, or omit it from the account. When cited, Mrs. Muller will unquestionably have the right to “ oppose ” the proposed delivery of the property to the widow and the right to attack the legacy. Art. 1004 of the Code of Practice is express to that effect. It declares, ‘ ‘ If the curator or executor obeys the order and renders his account the heirs or other claimants shall within three days afterward file their written objections, if they have any, signed by themselves or their counsel, to each item of the account to which they object or of which they pray for the rejection.”
In this case Mrs. Muller, on being cited, will be entitled to raise all objections which she may have to anything which has been done by the executrix, or to anything which she proposes should be done through order of Court. Succession of Bright, 38 An. 141; Morris vs. Cain, 35 An. 759; Herber vs. Thompson, 46 An. 186. She will be at liberty either to stand on her pleadings as already filed by mere -reference thereto and annexing them to her opposition, or she may do this and enlarge the present pleadings and prayers, if she chooses so to do. As we have said, the account which will hereafter be filed by the executrix will have a broader scope than the ordinary administrator’s account, involving a mere payment of certain funds to • specified creditors. Succession of Conrad, 45 An. 94. We think the apprehensions of injury which Mrs. Muller refers to in her brief -are totally unfounded. Her right to claim in this case — the reduction of the legacy to the widow on the grounds stated by way *922 ,pf opposition, ■ is undoubted. It is very questionable whether she-¡has as yet fairly raised an issue on that question, for while matters •incidentally connected with and which may have a bearing on that, issue are referred to and relief asked in respect to them, the plaintiff ’s statement that no 11 prayer" has as yet been made for the reduction of the donation is true.
We see no basis for the present appeal.
Judgment affirmed.