terest from March 1, 1926, the date of this judgment.

It is further ordered that all costs of liquidation be divided equally between the Succession of Lamar C. Quintero, J. Marshall Quintero, and Donelson Caffery.

ST. PAUL, J., concurs in the opinion handed down by the trial judge, and thinks his judgment should be affirmed.

O'NIELL, C. J. (concurring in the decree). I rest my approval of the decree rendered in this case upon the court's findings of fact, first that the agreement that the defendant should have two-thirds of the firm's fee of 40 per cent. was not made on condition that he should divide with the plaintiffs his special fee of $25,000, and, second, that the plaintiffs were aware, when they approved the compromise of the sugar suits, that the defendant was to receive the special fee of $25,000. I have no doubt of the good faith of either of the parties in the controversy.

═══

(108 So. 100)

No. 25332.

## LATHAM et al. v. GLASSCOCK.

(March 1, 1926. Rehearing Denied March 29, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Attachment ⬅1.**

Writ of attachment in case of nonresident is not merely conservatory writ, but is basis and foundation of jurisdiction, which cannot be acquired, except under strict compliance with law allowing such process.

**2. Process ⬅71.**

Nonresidents cannot be brought into courts of Louisiana, on ordinary demands for money, by substituted service.

160 LA.—35

**3. Judgment ⬅17(11)—Judgment, in partition suit, against nonresident absentees, as to whom there was no service of writ of attachment, held void as radical nullity (Code Prac. art. 254).**

Judgment, in partition suit, against nonresident absentees, as to whom there was no service of writ of attachment within requirements of Code Prac. art. 254, *held* void as a radical nullity.

**4. Limitation of actions ⬅19(7)—Prescription of 5 years against informalities connected with or arising out of sheriff's sale cannot be interposed against nonresident absentees, as to whom there was no service of writ of attachment (Code Prac. art. 254; Civ. Code, art. 3542).**

Prescription of 5 years within Civ. Code, art. 3542, against informalities connected with or arising out of sheriff's sale, is good as to lack of service of notice of seizure upon all defendants, but cannot be sustained as to want of service of writ of attachment upon nonresident absentees (Code Prac. art. 254).

**5. Limitation of actions ⬅19(7)—Prescription.**

Prescription of 5 years under Civ. Code, art. 3542, *held* not applicable to sheriff's sales affected by radical nullity.

**6. Execution ⬅221.**

Sale of property under alias writ of fieri facias *held* void under Code Prac. art. 642, where seizure and sale were effected after expiration of writ.

**7. Mortgages ⬅529(5)—In suit via ordinaria on mortgage notes, seizure under alias writ of fieri facias was void as to defendants not served with notice of seizure (Code Prac. art. 654).**

In suit via ordinaria on mortgage notes, seizure under alias writ of fieri facias was void as to defendants not served with notice of seizure, in view of Code Prac. art. 654.

**8. Judgment ⬅17(1)—Partition ⬅117.**

Judgment rendered in partition suit against person not cited is nullity as to him, and sale under such judgment is void as to him, and all parties to proceedings are relieved under Rev. Civ. Code, art. 1412.

**9. Partition ⬅117.**

Purchaser at sheriff's sale in partition suit, judgment in which is void because of failure to cite one defendant, is not protected by decree for partition.

**10. Husband and wife ⬥184.**

A wife who deals with her own property does not need authorization of her husband, in view of Act No. 244 of 1918, as amended by Act No. 219 of 1920.

**11. Partition ⬥117.**

Agreement of parties to partition suit entered into after entry of judgment, and acknowledging ownership and possession in adverse party, *held* ratification of sheriff's sale.

**12. Partition ⬥117.**

Recital in act of partition of payment to defendants of proceeds of sheriff's sale *held* not to estop defendants from attacking validity of sale, where they denied such payment, and evidence was not adduced in support of such recital.

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Robert S. Ellis, Judge.

Partition suit by Alfred Latham and others against Hillery S. Glasscock. From the judgment rendered, plaintiffs appeal. Judgment annulled and reversed and rendered.

A. W. Spiller, of Hammond, for appellants.

Kemp & Buck and W. B. Kemp, all of Amite, for appellee.

LAND, J. Alfred Latham, during his marriage to Mary Latham, acquired the S. W. ¼ of S. W. ¼ of section 20, Tp. 6, R. 8, in the parish of Tangipahoa.

The wife of Alfred Latham, and his unmarried daughter, Louisa Latham, died intestate. The present suit is brought by Alfred Latham, and by his 10 remaining children, to recover this property, in the proportion of $^{450}\!/_{880}$ to Alfred Latham, and in the proportion of $^{430}\!/_{880}$ to his 10 children; said interest being claimed by Alfred Latham, as surviving husband in community, and as heir of his deceased daughter, and the interest of his 10 children being the share of the community inherited by them from their deceased mother, Mary Latham, and from their deceased sister, Louisa Latham.

On April 19, 1917, defendant Hillery S. Glasscock purchased from Mathew J. Allen and William B. Kemp an undivided one-half interest in this property, and also all the rights and interest of his vendors in a certain judgment obtained by them April 28, 1915, in the suit of Mathew J. Allen and William B. Kemp v. Albert Latham et al., No. 3227 on the docket of the Twenty-Fifth judicial district court. This sale was made without warranty as to Allen. Allen and Kemp acquired the undivided one-half interest sold by them to Glasscock at sheriff's sale made on August 21, 1915, in partial execution of the judgment obtained by them in suit No. 3227.

On June 27, 1917, defendant instituted a partition suit against Alfred Latham and his 10 children, alleging that he was the owner of an undivided one-half interest in this property acquired by purchase from Allen and Kemp, and that his vendors acquired said interest under sheriff's sale in suit No. 3227.

Defendant, as assignee of the rights and interest of Allen and Kemp in the judgment obtained by them in suit No. 3227, claims to have acquired at sheriff's sale made on July 26, 1920, under an alias writ of fieri facias, all of the interest in this property of the following defendants in said suit, namely Alfred Latham, William Latham, Walter Latham, Beulah Latham Morgan, widow of ——— Morgan, and Mary Latham Baham, wife of Andrew Baham.

Defendant, in a second supplemental and amended petition filed in the partition suit, sets up this additional interest claimed to have been acquired by him under the second sheriff's sale of July 26, 1920, under the same judgment, and alleged that he was the owner of a $^{14}\!/_{20}$ or $^{616}\!/_{880}$ interest in the property, and prayed for partition by licitation.

Judgment was rendered in the partition suit on December 9, 1919, ordering a sale of the property to effect a partition.

1. Plaintiffs have attacked the judgments

and sales made thereunder in all of these three proceedings.

It is alleged that the first judgment, of date April 28, 1915, rendered in the suit of Allen and Kemp v. Alfred Latham et al., No. 3227, is null and void, as to the petitioners Walter Latham and Beulah Latham, nonresidents, because there was no notice of such suit served upon said absentees.

This was a suit via ordinaria on two mortgage notes aggregating the sum of $500, with interest and attorney's fees, and secured by special mortgage on an undivided half interest in this property. Each of these notes is signed by Alfred Latham, William Latham, Leonard Latham, Walter Latham, Beulah Morgan, widow, Mary Baham, and Andrew Baham; the latter being the husband of Mary Baham, but not one of the heirs of Alfred Latham.

Marcus C. Rownds, Esq., was appointed curator ad hoc for the absentees Walter Latham and Beulah Morgan.

[1] In a supplemental and amended petition, a writ of attachment was prayed for against the absentees. There is neither attachment bond nor writ of attachment in the record, although an order was obtained and a bond fixed for the issuance of the writ.

No service whatever of the writ of attachment was made in the case.

Although the notes are mere joint obligations, judgment was rendered against the absentees and other defendants in solido.

A certified copy of the original writ of attachment was not posted, as required by article 254 of the Code of Practice.

"It is the established law of this state that a writ of attachment in the case of a nonresident is not merely a conservatory writ, but is the basis and foundation of jurisdiction, which cannot be acquired, except under the very letter of the law allowing process." Pugh v. Flannery, 92 So. 699, 151 La. 1063, and cases cited.

[2] It is well settled that nonresidents cannot be brought into the courts of this state, upon ordinary demands for money, by substituted service. Pennoyer v. Neff, 95 U. S. 730, 24 L. Ed. 565; Haddock v. Haddock, 26 S. Ct. 525, 201 U. S. 562, 50 L. Ed. 867, 5 Ann. Cas. 1; Hobson v. Peake, 10 So. 762, 44 La. Ann. 383; Andrews v. Sheehy, 51 So. 122, 125 La. 217.

[3] The first judgment and sale in the suit of Allen and Kemp v. Alfred Latham et al., therefore, are null and void, in so far as Walter Latham and Beulah Latham Harris, widow, formerly Beulah Morgan, are concerned.

The other defendants in the suit were personally served.

The suit was dismissed, however, as to Leonard Latham, as he was a minor, and his signature to the act of mortgage and to the notes was held to be not binding upon him.

[4, 5] Defendant has pleaded the prescription of 5 years, under article 3542 of the Civil Code, against all informalities connected with or growing out of the sheriff's sale. This prescription is good as to the lack of service of notice of seizure upon all the defendants, but cannot be sustained as to want of service of writ of attachment upon the absentees Walter Latham and Beulah Latham, Harris or Morgan, as this was a radical nullity, and this prescription is not applicable to sales affected by radical nullities. Brewer v. Y. & M. V. R. Co., 54 So. 987, 128 La. 554.

[6, 7] 2. The second sheriff's sale is null and void as to all of the plaintiffs in this suit.

The reason for the nullity of this sale assigned by plaintiffs is that the alias writ of fieri facias under which the sale was made had expired before such sale; no copy of said writ having been made and returned by the sheriff, as required by law.

That no levy had been made under the alias writ by the sheriff before it had expired is made plain by the fact, as stated in the procés verbal of the sale, that said writ was received February 21, 1919, the day of its issuance;

that the seizure was made on June 20, 1919; that the property was advertised on June 21, 1919, and sold on July 26, 1919.

The writ had long expired even before the seizure of the property.

Article 642 of the Code of Practice provides that—

"All writs of fieri facias, issued by the clerks of the several courts throughout the state, shall be made returnable by them in not less than thirty nor more than seventy days."

It is also provided under said article of the Code of Practice that—

"In all cases, except in the parish of Orleans, where a seizure of property shall have been made under a writ of fieri facias, and the officer making such seizure shall not be able to sell such property before the return day of the writ, such officer shall, nevertheless, make due return of such writ; but, at the time of making such return, he shall make and retain a copy of the writ, duly certified by himself; and it shall be his duty to proceed under such certified copy, in the same manner as though the original writ was in his hands, and to make due return thereon."

It is not pretended that the sheriff complied with the law in this case as to the return of the original writ and the retention by him of a certified copy as authority for making the sale.

It would be useless, had such contention been made, as it is apparent that the seizure and the sale were effected under the original writ after its expiration.

It is well settled that, where property has been seized under a writ of fieri facias before the return day, the sheriff may retain the writ and sell the property after the time fixed for its return. Labiche v. Lewis, 12 Rob. 8; Aubert v. Buhler, 3 Mart. (N. S.) 489; Dugat v. Babin, 8 Mart. (N. S.) 391; Rothschild v. Ramsay, 2 La. 277; Black v. Catlett, 1 Rob. 540; Byrne v. Taylor, 2 Rob. 341.

In the case before us, however, there was neither seizure nor sale until long after the expiration of the writ. There was no return made on the writ within 70 days from the date of its issuance, and no certified copy of the writ retained by the sheriff, who was therefore without the power or the authority to seize and sell the property in this case under the alias writ of fieri facias. Jacobshagen v. Moylan, 26 La. Ann. 735; Graff v. Moylan, 28 La. Ann. 75; Johnston's Ex'r v. Wall, 1 Mart. (N. S.) 541; McNiel v. Kramer, 27 La. Ann. 678; Billgery v. Ferguson, 30 La. Ann. 84; Succession of Von Hoven, 15 So. 391, 46 La. Ann. 921; Burns v. Van Loan, 29 La. Ann. 560; Messick v. Mayer, 27 So. 815, 52 La. Ann. 1161; Luria v. Cote Blanche Co., 38 So. 279, 114 La. 389.

None of the defendants were served with notice of seizure under the alias writ of fieri facias. They were in no sense parties to this proceeding whereby the sheriff attempted to make a forced sale of their property, and the seizure was therefore null and void as to all of the defendants. C. P. art. 654. See cases above cited.

As the sheriff's sale was made under the alias writ of fieri facias July 26, 1919, and, as the present suit was filed April 30, 1921, the prescription of 5 years as to informalities of public sales had not run and is not applicable.

3. Plaintiffs attack the sheriff's sale to effect the partition and all the proceedings therein as null and void on numerous grounds, only one of which we consider it necessary to notice. They allege that there was no citation or notice of said suit served upon any of petitioners, who were named defendants therein, other than upon Alfred Latham and Mary Latham Baham, who were served with citation and copy only of the first petition. They further allege that, in the second amended petition filed in the partition suit, Glasscock, defendant herein and plaintiff in said suit, claimed an undivided 14/20 interest, while he had asserted only an undivided one-

half interest in the property in the original petition.

[8] Without going into details as to which of the plaintiffs were served with all of the petitions filed in the partition suit, and which were not, we find it only necessary to state that no service at all was made in the partition suit upon William Latham, who, at the time, was in the state penitentiary.

A judgment rendered in a partition suit against a person not cited is a nullity as to him, and a sale made under such judgment is void as to the person not cited, and all other parties to the proceedings are relieved, "for the partition cannot subsist for one, and be annulled for another." Rev. Civ. Code, art. 1412.

[9] The purchaser at such a sale is not protected by the decree for a partition. Martin v. Martin, 15 La. Ann. 585; Frith v. Pearce, 29 So. 809, 105 La. 201; Crayton v. Waters, 83 So. 540, 146 La. 247; Levy v. Simon, 94 So. 421, 152 La. 857.

[10, 11] On March 20, 1920, after the date of the judgment and the sale in the partition proceedings, Alfred Latham and Mary Latham Baham signed the following agreement, which also bears the signature of the defendant Hillery S. Glasscock:

"Hammond, La., March 20, 1920.

"This agreement entered into this day between H. S. Glasscock and Alfred Latham and Andrew Baham and Mary Baham, wife of Andrew Baham, witnesseth: That the said H. S. Glasscock agrees to let said Alfred Latham and Andrew Baham and Mary Baham occupy the place purchased by said Glasscock at sheriff's sale on February 14, 1920, to wit: S. W. ¼ of S. W. ¼ of section 20, T— R—, known as the Alfred Latham Place, until September 1, 1920, without payment of any rent. The said Alfred Latham, Andrew Baham, and said Mary Baham agree to take care of said place for said H. S. Glasscock in a prudent and careful manner."

This agreement is a ratification by Alfred Latham and Mary Baham of the sheriff's sale made to Glasscock, in the partition suit, and she did not need the authorization of her husband, as she was dealing with her own separate property. Act 244 of 1918, amended by Act 219 of 1920.

The agreement signed by her father and herself acknowledges both ownership and possession in defendant. Latiolas v. Breaux, 98 So. 620, 154 La. 1006, par. 111.

[12] It is true that the clerk of court recites in the act of partition made by him of the proceeds of sale to effect partition that he gave his check to Laura Latham Richardson, Martha Latham George, Walter Latham, Robert Latham, Emma Latham Bickham, and Lizzie Latham Breaux for their respective interests in the property sold.

These defendants, however, deny in their testimony in this case that they received such checks.

Defendants did not sign the act of partition, nor receipt for their respective interests. No canceled checks were offered in evidence on the trial of the case, and the clerk of court was not sworn to prove the delivery by him to defendants of these checks.

Under this state of facts, defendants, plaintiffs here, are not estopped from attacking the validity of the sale made in the partition proceedings, because of having received the purchase price, or part of same.

The situation as to various defendants is therefore as follows: The interests of Alfred Latham and Mary Baham were sold under the first and second sales under writs of fieri facias.

In the first sale, the defendants Alfred Latham, Mary Baham, and William Latham were personally cited, and the defendants Walter Latham and Beulah Latham, widow of Morgan, nonresidents, were cited through a curator ad hoc, but the writ of attachment was not served as required by law. The nullity of this sale as to these nonresidents, however, is of no particular benefit to them, as to the one-half interest of Alfred Baham in the community property, which had been mortgaged by him as security for the notes

sued upon, since all of his interest in the property was acquired by Allen and Kemp under this sale, and afterwards conveyed by them to defendant. Alfred Latham was alive at the time. The second sale made by the defendant Hillery S. Glasscock, assignee, under the judgment rendered in the first suit and under alias writ of fieri facias, was null as to all the defendants.

The third sale in the partition proceedings was null as to all the defendants, plaintiffs in the present suit, except as to Alfred Latham and Mary Latham Baham, who ratified same. The defendant therefore acquired all of the interest of Alfred Latham, $450/_{880}$, and all of the interest of Mary Latham Baham, $43/_{880}$, or $493/_{880}$ interest in all in this property.

The other 9 children of Alfred Latham and Mary Latham, exclusive of Mary Latham Baham, should be recognized as owners of a $43/_{880}$ interest each, or a total interest of $387/_{880}$ in the land in controversy.

Alfred Latham died during the pendency of this appeal, and his heirs have been substituted here as parties plaintiffs and appellants in his stead, and have also appealed from the judgment of the lower court rejecting their demands. This judgment is erroneous.

It is therefore ordered that the judgment appealed from be annulled and reversed.

It is now ordered that plaintiffs be recognized as the legal heirs of Alfred Latham and Mary Latham, deceased.

It is further ordered that the demands of plaintiffs be rejected as to the interests claimed by them in the undivided half of this property, formerly owned by Alfred Latham as surviving husband in community with his wife, Mary Latham, deceased, and also as to the interest of Alfred Latham inherited by him in the property in dispute from his deceased daughter, Louisa Latham.

It is further ordered that the demand of Mary Latham Baham, wife of Andrew Baham, be rejected as to her interest in the share of the community falling to her mother, Mary Latham, as well as to her interest in the share of her deceased sister, Louisa Latham, in this property.

It is further ordered that the judgment and the sheriff's sale of date February 14, 1920, in the partition suit of Hillery S. Glasscock v. Laura Latham, wife of Randolph Richardson, No. 4463 on the docket of the Twenty-Fifth judicial district court, be annulled and set aside as to all of the defendants in said suit, except as to Alfred Latham and Mary Baham, wife of Andrew Baham, who ratified same.

It is further ordered that the judgment and sheriff's sale of date August 21, 1915, in the suit of Allen and Kemp v. Alfred Latham et al., No. 3227 on the docket of the Twenty-Fifth judicial district court, be set aside as to Walter Latham and Beulah Latham Morgan, or Harris, and that the judgment and sheriff's sale of date July 26, 1919, in the same suit, Hillery S. Glasscock, assignee, be annulled and set aside as to all of the defendants in said suit.

It is further ordered that the plaintiffs Laura Latham Wallace, wife of John Wallace, Martha Latham George, wife of Ernest George, Leonard Latham, Walter Latham, Beulah Latham Harris, widow of George Harris, Robert Latham, Emma Latham, wife of Tom Bickham, Lizzie Latham Breaux, widow, and William Latham, be recognized as the true and lawful owners, each of a $43/_{880}$ undivided interest in the S. W. ¼ of S. W. ¼ of section 20, Tp. 6 S., R. 8 E., in the parish of Tangipahoa, or a total of $387/_{880}$ undivided interest in said property.

It is further ordered that the defendant Hillery S. Glasscock be recognized as the true and lawful owner of an undivided $493/_{880}$ interest in said tract of land, and that the defendant pay all costs.