No. 2720

Second Circuit

---

MRS. MINA SIESS, WIDOW, ETC., v. COUVILLION, SHERIFF, ET AL.

---

(Jan. 28, 1927. Opinion and Decree.)

---

(*Syllabus by the Court.*)

1. *Louisiana Digest—Execution—Par.* 74, 114, 145, 174.

In view of Article 642, par. 6, of the Code of Practice, when the sheriff seizes property under writs of fi. fa. within seventy days after the date of their issuance, or previous to their expiration, he was authorized to sell the property after the seventy days under the original writs.

Appeal from the Twelfth Judicial District Court of Louisiana, Parish of Avoyelles. Hon. L. P. Gremillion, Judge.

Action by Mrs. Mina Siess, widow, etc., against C. P. Couvillion, sheriff, et al.

There was judgment for defendants and plaintiffs appealed.

Judgment affirmed.

J. C. Cappel; Porterie & Bordelon, of Marksville, attorneys for plaintiffs, appellant.

W. E. Couvillion; J. W. Joffrion; A. V. & Phio Coco, of Marksville, attorneys for defendants, appellees.

ODOM, J.   On January 28, 1926, the judgment creditors of Mrs. Mina Siess, widow of Abe Rich, caused to be issued writs of fi. fa. under which the sheriff of Avoyelles parish seized her real estate.

The seizure was made within seventy days after the date of the issuance of the writs, and it seems that the property was advertised for sale, the sale to take place in the month of March; but due to the fact that no notice of the seizure was made upon the judgment debtor, the property was readvertised for sale under the original seizure, the sale to take place on May 1, 1926.

More than seventy days, therefore, elapsed between January 28, 1926, the date on which the writs issued, and May 1, 1926, the date on which the sale was advertised to take place.

The sheriff held the property all the while under the original writs and seizure. Presumably, the writs were made returnable in not less than thirty nor more than seventy days, as provided by Article 642 of the Code of Practice. But the sheriff did not "make due return of such writs", nor did he "make and retain a copy of the writ duly certified by himself" within seventy days.

He proceeded under the original writ and not under a certified copy as required by paragraph 6 of said Article 642 of the Code.

On April 30, 1926, the day before the sale was to take place, Mrs. Siess, the judgment debtor, filed suit to enjoin the sheriff and the judgment creditors from proceeding with the sale on the ground that the writ had expired; that the sheriff, not having made return of the writ and not having made and retained a certified copy thereof within seventy days, was without authority to hold and sell the property; that his detention of the property under the original writ after the expiration of seventy days was without warrant and therefore illegal; and being without warrant or authority to hold he was likewise without authority to sell her property.

The court issued a temporary restraining order and ordered the sheriff and the seizing creditors to show cause why an injunction should not issue.

Without answering, the sheriff and the seizing creditors tendered exceptions of no cause of action and moved that the restraining order be set aside.

Upon trial the exceptions of no cause of action were sustained, the temporary restraining order was set aside, and plaintiff's suit dismissed. From which judgment the plaintiff appealed.

### OPINION.

The only question presented for our decision is whether a sheriff who seizes real estate under a writ of fi. fa. within seventy days after the date of its issuance, may hold and sell the same after the expiration of seventy days without making return of the original writ and without retaining a certified copy thereof within that time.

The facts are not disputed. The sheriff seized the property within seventy days after the issuance of the writs but he made no return of the writs, nor did he make a copy thereof within seventy

days. He held the property and was about to make a sale thereof under the original writs after the expiration of seventy days.

Article 642 of the Code of Practice provides that writs of fieri facias shall be made returnable in not less than thirty, nor more than seventy days:

Paragraph 6 of that article of the Code reads as follows:

"And in all cases, except in the parish of Orleans, where a seizure of property shall have been made under a writ of fieri facia, and the officer making such seizure shall not be able to sell such property before the return day of the writ, such officer shall, nevertheless, make due return of such writ; but, at the time of making such return, he shall make and retain a copy of the writ, duly certified by himself; and it shall be his duty to proceed under such certified copy, in the same manner as though the original writ was in his hands, and to make due return thereon."

Under this provision of the Code, plaintiff contends, that even when property is seized under the writ within seventy days, the sheriff must make return of the writ before the expiration of that time, make a certified copy thereof and proceed under the copy and make return thereon; otherwise no sale can be made.

But the settled jurisprudence is the other way.

In the case of Latham vs. Glasscock, 160 La. 1090, 108 South. 100, the court said:

"It is well settled that, where property has been seized under a writ of fieri facias before the return day, the sheriff may retain the writ and sell the property after the time fixed for its return."

Citing—

Labiche vs. Lewis, 12 Rob. 8.

Aubert vs. Buhler, 3 Mar. (N. S.) 89.

Dugat vs. Babin, 8 Mar. (N. S.) 391.

Rothschild vs. Ramsay, 2 La. 277.

Black vs. Catlett, 1 Rob. 540.

Byrne vs. Taylor, 2 Rob. 341.

In the case at bar, the sheriff seized the property within seventy days. He unquestionably had the right to retain the writ and sell the property after the time fixed for its return.

It is well settled that if no seizure is made by the sheriff within seventy days from the date of the issuance of the writ, the sheriff is without power or authority to seize and sell the debtor's property under the original writ; but that is not the case here.

It would serve no useful purpose to cite and review the jurisprudence on the subject.

In the case of Latham vs. Glasscock, supra, the leading cases are cited.

Our holding is that inasmuch as the sheriff seized the property under the writs within seventy days after the date of their issuance, or previous to their expiration, he was authorized to sell the property after the seventy days under the original writs.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed with costs.