No. 3599

Second Circuit

———

WRIGHT v. MELDER

———

(January 31, 1930. Opinion and Decree.)

———

Peterman, Dear & Peterman, of Alexandria, attorneys for plaintiff, appellee.

F. B. Cappel, of Alexandria, attorney for defendant, appellant.

ODOM, J. James N. Wright, the plaintiff in this case, resides in the State of Texas. In January, 1927, Almon B. Melder, defendant in this case, brought suit against him alleging that he was a non-resident of the state and owned property in Rapides Parish, and sought to obtain jurisdiction by attachment proceedings. On February 18, 1927, the court rendered judgment against Wright as prayed for and sustained the writ of attachment, and ordered the property attached sold to pay the debt.

Subsequently, Melder caused a writ of fi. fa. to issue under which the sheriff of Rapides Parish seized Wright's property and advertised it for sale. Wright then brought the present suit to enjoin the sale of his property on the ground that the judgment against him, rendered in the attachment suit, was an absolute nullity, having been rendered by a court which had no jurisdiction. He specifically alleged that there was no attachment or actual seizure of his property made by the sheriff in the suit against him; that the writ of attachment issued in said suit and the citation were not served according to law. He prayed that said judgment be declared null and that the seizure of his property thereunder be set aside.

There was judgment for plaintiff and Melder appealed.

At the time Melder sued Wright, Wright was a non-resident of the state, but owned property in Rapides Parish where the suit was brought. Under proper allegations and

affidavit, the court appointed a curator ad hoc to represent the absent defendant and ordered his property attached upon plaintiff's giving bond. A writ of attachment and citation were issued and placed in the hands of the sheriff to be served.

The curator ad hoc accepted service of the petition and waived citation, as shown by his endorsement on the petition, as follows:

"Service accepted, citation waived; all legal rights and delays reserved."

A citation addressed to "James N. Wright thru Isaac Wahlder, Curator ad Hoc," and a copy of the petition were put in the sheriff's hands, and, according to his returns written thereon, he served the same as follows:

"On the 2nd day of Feb. 1927, I made service of the within (cit and pet) James N. Wright, by tacking a true copy of same on the Court House door, Alexandria, La., Rapides Parish."

Nothing is said about the writ of attachment. But we find in the record the certified copy of the writ of attachment which was delivered to the sheriff and which was served, according to his returns written on the reverse side thereof, in the following manner:

"Received the within writ of attachment the 1st day of Feb. 1927. Executed same by seizing and attaching the within described property. This the 2nd day of Feby. 1927.
(signed)    C. E. Downs, Dy. Sheriff, Rapides Parish."

The writ of attachment itself was not affixed "on the door of the room where the Court in which suit is pending is held, or on a bulletin board located near the entrance to the said Court Room," as required by Article 254 of the Code of Practice as amended by Act 9 of 1926. This omission is fatal. Without a posting of the writ, there is no valid seizure and without a valid seizure of property belonging to an absentee, the Court has no jurisdiction.

"Non-residents can not be brought into Courts of Louisiana on ordinary demands for money by substituted service."

(See numerous authorities cited under Art. 254, Marr's Revised Code of Practice, 1927, and especially Pugh et al. vs. Flannery et al., 151 La. 1063, 92 South. 699, 701; Latham et al. vs. Glasscock, 160 La. 1089, 108 South. 100.)

The judgment attacked is an absolute nullity. In the case of Pugh vs. Flannery, supra, the court said:

"It is the established law of this State that a writ of attachment in the case of a non-resident is not merely a conservatory writ, but is the basis and foundation of jurisdiction, which cannot be acquired except under the very letter of the law allowing process."

Plaintiff, alternatively, attacked the judgment on another ground, and counsel for both sides seem to want us to pass on the alternative demand. But this Court will not notice a plaintiff's alternative demand where his main demand is sustained.

The judgment appealed from is correct and is affirmed with costs in both courts.