## RILEY v. WASHINGTON (CORNWELL, Third Opponent).

### No. 16087.

Court of Appeal of Louisiana. Orleans.

June 10, 1935.

Chas. J. Mundy, of New Orleans, for appellant.

Prowell & McBride, of New Orleans, for appellee.

JANVIER, Judge.

In June, 1934, Irene Riley obtained, in the civil district court for the parish of Orleans, judgment against Charles H. Washington in the sum of $349.75. On November 14, 1934, she provoked the issuance of a writ of fieri facias directed to the sheriff of the parish of Vernon and instructing him to seize and sell any property of the said Washington located in the said parish. This writ was not sent to the said sheriff, but was retained by the attorney of the said Irene Riley until January 22, 1935. On that day the attorney, with the writ in his possession, called at the office of the clerk of the civil district court and consulted with one of the deputy clerks concerning the fact that the said writ was on the verge of expiration. The said deputy and the attorney both recognized the fact that, because of the provisions of article 642 of the Code of Practice, no seizure could be made under the said writ more than seventy days from its issuance. As a result of this conversation the clerk took the original writ and inserted the date "January 22, 1935," instead of the original date, "November 14, 1934." There is some dispute between the clerk and the attorney as to whether the attorney suggested that the original writ be redated, but we deem it unnecessary to decide who made the suggestion.

The redated document was then sent to the sheriff of the parish of Vernon, and he, acting under the authority apparently conveyed to him by it, seized, on January 25, 1935, a

Lafayette automobile belonging to the judgment debtor and located in the parish of Vernon.

The said automobile had been purchased by Washington, defendant in execution, from Canal Street Nash Company, Inc., which corporation, as security for the unpaid portion of the purchase price ($900), had retained vendor's lien and had obtained from the said Washington a chattel mortgage. The note, immediately after its execution, had been sold and transferred by the original vendor to Kenneth C. Cornwell, who conducts his business in New Orleans under the trade name "National Finance Company."

As soon as Cornwell learned of the seizure and of the impending sale of the automobile, he filed, in the suit out of which the writ had issued, an intervention and third opposition, in which he prayed for judgment "declaring the above-mentioned seizure of said automobile to be null, void and of no effect, and quashing the same." He also prayed for an injunction restraining the said sheriff and the seizing creditor from proceeding with the proposed sale. This third opposition was filed on February 1, 1935, and on that day, pending hearing on the application for a temporary injunction, a temporary restraining order was issued "to remain in full force and effect for ten days * * *." The rule nisi for the preliminary injunction was made returnable on February 15, 1935, which was several days after the temporary restraining order of February 1st had expired by limitation. On February 6, 1935, while the temporary restraining order was still in force, the seizing creditor, Irene Riley, by rule nisi, called upon Cornwell to show cause on February 8th why the temporary restraining order "should not be dissolved and set aside." In this rule she also sought damages for the issuance of the restraining order and attorney's fees in the sum of $100. This rule was dismissed in the district court, and shortly thereafter Cornwell's rule for a temporary injunction was made absolute.

Irene Riley has appealed from both judgments; the one dismissing her rule in which she sought the dissolution of the restraining order, and the other granting the temporary injunction enjoining the sale of the automobile.

Later, as the result of a rule filed by Washington, the judgment debtor, the automobile was ordered released from seizure and, apparently on the instructions of Washington, was delivered by the sheriff of the parish of Vernon to Cornwell, the holder of the vendor's lien and chattel mortgage. The record shows that Irene Riley, the seizing creditor, has appealed devolutively from that judgment ordering the release of the automobile, but that appeal is not now before us.

■ It is contended, in the first place, that since the temporary restraining order was permitted to expire by limitation, it necessarily follows that the seizing creditor, who, by the said order, was prevented temporarily from proceeding with the sale, is entitled to recover such damage as she sustained by reason of the delay and also a reasonable fee for her attorney, and we feel that there can be no doubt that in this she would be correct had there been no injunction issued later and had she, after the expiration of the restraining order, proceeded with the sale, because she would have been occasioned delay by the restraining order and there would never have been a trial of the question of whether the restraining order had been issued on proper grounds.

But it is evident that the order was permitted to expire only because there was pending at that time a rule for a temporary injunction which had been prayed for on the identical grounds which had been advanced in support of the request for the restraining order, and it was apparent that, during the few days which would intervene between the expiration of the restraining order and the trial of the rule for the temporary injunction, no sale could be held. Under these circumstances it appears that we are not required to assume that, by permitting the restraining order to expire, it was conceded that that order had been improvidently issued. If we are to award damages for the issuance of the said restraining order, we must first reach the conclusion, after investigating the facts and the law, that there was not sufficient ground for the issuance of the said order.

The grounds on which the said order was issued were the same as those advanced in the application for the temporary injunction. Therefore both appeals present the same question so far as this point is concerned.

Counsel for the seizing creditor, by exception of no cause of action, filed as a return to the rule for injunction, contends that, even if it be conceded that Cornwell, by his purchase of the mortgage note, became vested with all of the rights of the original mortgagee, including the vendor's lien—and it is denied that these rights passed with the transfer of the note—nevertheless, no right existed in him to enjoin the sale of mort-

gaged property provoked by another creditor; that in such case the holder of the mortgage, or of the lien, must permit the sale to proceed and, by third opposition, must demand prior payment out of the proceeds, or must require that the sale be made subject to the mortgage or to the lien.

■ It is true that it is well settled that, where a legal sale is about to be made at the instance of a judgment creditor, a holder of a mortgage on the property about to be sold may not, merely because of the existence of the prior mortgage, enjoin the sale. C. P. art. 396; Horner v. Dennis, Sheriff, 34 La. Ann. 389; Case v. Kloppenburg et al., 27 La. Ann. 482; Wallis v. Bourg et al., 14 La. Ann. 104.

■ But, in his attempt to enjoin, the mortgage holder concedes that he could not enjoin a legal sale. His petition clearly indicates that he recognizes that, if the sale had been a legal one, his rights would have been limited to a claim for prior payment out of the proceeds, or to require that the sale be made subject to his mortgage. His prayer for an injunction is based on his allegation that the sale, if held, will be an illegal one for the reason that it is not based on proper legal authority. The reason advanced, among others, is that at the time at which the property was seized the writ under which the sheriff pretended to act had entirely expired. Now, if the said writ had expired, then manifestly the seizure was illegal, and, if the seizure was illegal, then no valid sale could be held. If no valid sale could be held, obviously the mortgage creditor could not contend, on the one hand, that the sale was illegal, and at the same time claim prior rights on the proceeds. Nor could he assert the illegality of the sale and at the same time advance his right to have the sale made subject to his prior mortgage, or prior vendor's lien. On the other hand, if he should treat the seizure as an absolute nullity and assume that, as a result, no valid sale could be made, and that, therefore, his right would not be taken away by the said pretended sale, the practical result might be that the purchaser at the sale might remove the property and make it most difficult, if not impossible, to follow it and to protect his rights as the holder of the mortgage or lien on it.

That the sale, if held, would have been illegal, we entertain no doubt. The writ originally issued on November 14th, expired on the seventieth day thereafter. The Code of Practice provides in plain terms the methods by which an alias writ could have been made

use of, but it does not provide that, by the simple redating of the original writ, its existence may be continued beyond seventy days. It is quite true that if a seizure had been made within the seventy days, then the sheriff might have proceeded to sell the property seized under the writ, even though the sale could not have been made until after the expiration of the seventy days. Latham et al. v. Glassock, 160 La. 1089, 108 So. 100. See, also, cases therein cited.

But it has been settled for many years that, where the writ has expired before a seizure is made, nothing whatever can be done under it. It has absolutely terminated and no action can be had except on the issuance of a new writ. Dugat v. Babin et al., 8 Mart. (N. S.) 391. It will not do to permit an attorney and a clerk of court to agree between themselves to substitute, for the methods provided by law, some simpler, cheaper, or more convenient method.

■ Counsel for the seizing creditor makes the further contention that Cornwell's rights as holder of the mortgage note could only be exercised so long as the mortgaged property might remain in the parish of Orleans, since the mortgage is recorded only in this parish, and that he has no vendor's lien, since he was not a vendor and since the vendor, Canal Street Nash Company, Inc., has been paid in full.

But the record shows that, though the automobile was sold by the Canal Street Nash Company, Inc., and though it was the original mortgagee and originally retained the vendor's lien, it sold the note to Cornwell, and we deem it almost unnecessary to cite authorities to show that, where an original mortgagee, who has retained a vendor's lien as well as a mortgage, transfers the note to a third purchaser prior to maturity, the purchaser acquires all of the rights of the original mortgagee, including the vendor's lien. Civ. Code, art. 2645.

It is not necessary that we consider whether, as holder of the note, had there been no vendor's lien, Cornwell could have pursued the property into a parish other than that in which the mortgage was recorded—although that right seems to have been often recognized—because there can be no doubt, as we have said, that Cornwell, by purchasing the note, which was secured by vendor's lien as well as mortgage, became entitled to all the rights of the original vendor. The original vendor could have pursued the property into another parish; therefore Cornwell has the same right.

The lower court was not in error in refusing to dissolve the original temporary restraining order, or in refusing to award damages or attorney's fees when the original restraining order expired by limitation. Nor was the lower court in error in granting the temporary injunction.

It is therefore ordered, adjudged, and decreed that the judgment dismissing the rule to dissolve the temporary restraining order, which judgment was rendered on February 13, 1935, and signed on February 18, 1935, and the judgment granting the preliminary injunction rendered on February 15, 1935, and signed on February 18, 1935, be and they are affirmed, at the cost of appellant.

Judgments affirmed.