## STATE v. TREIGLE.
### No. 17193.

Court of Appeal of Louisiana. Orleans.

Nov. 27, 1939.

Gill & Simon, of New Orleans, for appellant, Mrs. Mildred Del Bondio Treigle.

P. H. Stern, of New Orleans, for appellee, State of Louisiana.

Daniel Wendling, of New Orleans, for James Dempsey, Constable of First City Court, appellee.

McCALEB, Judge.

On April 6, 1938, the State of Louisiana, the judgment creditor of Mrs. Mildred Del Bondio Treigle, caused to be issued a writ of fieri facias under which the Constable of the First City Court was ordered and directed to seize the property of the debtor. Acting under and by virtue of this writ, the Constable, on April 8, 1938, seized all of the right, title and interest of Mrs. Treigle in and to a certain suit entitled Mrs. Mildred Del Bondio Treigle v. J. Ulrich Albrecht bearing the number 224,061 of the docket of the Civil District Court, in and for the Parish of Orleans, and particularly the judgment rendered in said cause in favor of Mrs. Treigle. After the seizure was made, the Constable did not sell the property nor did he, within 70 days from the date of issuance, make a return of the writ or secure from the Clerk of the Court a certified copy thereof and obtain an alias writ.

On February 17, 1939, Mrs. Treigle filed a rule in these proceedings against the plaintiff, State of Louisiana, and the Constable of the First City Court, to show cause why the writ of fieri facias and the seizure made thereunder, together with any lien resulting in favor of the State by virture of said seizure, should not be declared null and void and why the seizure should not be released because of the fact that the Constable failed to return the writ within 70 days from the date of its issuance and failed to secure from the Clerk of the Court a certified copy thereof or an alias writ in accordance with the provisions of Art. 642 of the Code of Practice.

The defendants in rule, State of Louisiana and the Constable, thereafter appeared and resisted Mrs. Treigle's demand by way of exception of no cause of action. This exception was sustained by the trial judge and Mrs. Treigle has appealed from the adverse decision.

The only question presented for our determination is whether a sheriff or a constable, who seizes property of a judgment debtor under a writ of fieri facias within 70 days after the date of its issuance, may hold and sell such property after the expiration of 70 days without making a return of the writ and without securing from the Clerk of the Court a certified copy thereof or an alias writ.

An examination of the authorities discloses that the proposition has been passed upon by the courts of this State on numerous occasions and that it is firmly established that a sheriff or constable, who seizes property under a writ of fieri facias within 70 days of its issuance, need not make a return but has the right to retain the writ and sell the property after the time fixed for its return. See Labiche v. Lewis, 12 Rob. 8; Aubert v. Buhler, 3 Mart., N.S., 489; Dugat v. Babin, 8 Mart., N.S., 391; Rothschild v. Ramsey, 2 La. 277; Black v. Catlett, 1 Rob. 540; Byrne v. Taylor, 2 Rob. 341; Latham v. Glasscock, 160 La. 1089, 108 So. 100; Siess v. Couvillion, 5 La.App. 464; and A. Baldwin & Co. v. Le Long, La.App., 142 So. 879.

In Latham v. Glasscock, supra, the Supreme Court observed [160 La. 1089, 108 So. 102]:

"It is well settled that, where property has been seized under a writ of fieri facias before the return day, the sheriff may retain the writ and sell the property after the time fixed for its return."

Counsel for Mrs. Treigle nevertheless tell us that this court reached a different conclusion in the case of Associated Motors, Inc., v. Burk, 14 La.App. 361, 130 So. 472 (on rehearing). An examination of the opinion in the cited case reveals that counsel are in error. In that matter, it appeared from the facts (see 14 La.App. 361, 129 So. 196) that the Constable returned the writ of fieri facias as unsatisfied and that the return showed that the attorney for the American Manufacturing Com-

154

pany had instructed him to release the seizure. Under these circumstances, we declared that, since the seizure had been released, any lien the seizing creditor may have had as a result of the seizure was lost. The case bears no resemblance to the instant matter for, here, the seizure was duly made within the 70 day period and the constable retained the writ instead of making a return.

In the other cases relied upon by counsel, it appeared that the sheriff did not make the seizure within the time required by law. They are therefore not apposite to the case at bar.

The trial judge was correct in dismissing the rule on the exception of no cause of action.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.